[S. F. No. 11260. In Bank.—October 11, 1927.]

OLIVER G. TUBBY, Appellant, v. LEAH RODMAN TUBBY, Respondent.

[1] DIVORCE — CUSTODY AND SUPPORT OF MINOR — MODIFICATION OF FINAL DECREE—SERVICE OF PAPERS—WAIVER.—Upon an application to modify a final decree of divorce, made two years and a half after the entry of the decree, the opposing party is not in a position to object that no affidavit, or copy of the affidavit, on which the motion to modify was based, was ever served on him, and that no copy of notice of motion or hearing of the order to show cause or of the affidavit was served on his attorney, where there is no showing that the attorney who represented him in the action is still his attorney, and the service of the notice of hearing and order to show cause on plaintiff was sufficient service to give the court jurisdiction over him and of the sub-

1. See 3 Cal. Jur. 14.

ject matter of the motion; and where the plaintiff was present in court and represented by counsel at the time the motion to modify the decree came regularly on for hearing and made no objection to the service on him, he waived any objection he might have made at that time.

[2] ID.—CUSTODY OF MINOR—NOTICE OF HEARING—SUFFICIENCY OF.— The trial court having jurisdiction of the divorce action and the parties thereto, in such a case, was vested with full authority to make any order it might deem necessary for the custody, care, education, maintenance, and support of the minor during its minority, and an objection that neither the order to show cause nor the notice of hearing served on plaintiff contained any statement or gave notice to the effect that it was the desire of the defendant to have the final decree of divorce modified in relation to the custody of the minor child, cannot be maintained, where the modification contained in effect the provisions of the interlocutory and final decrees and safeguarded the right of the plaintiff.

[3] ID.—REASSIGNMENT OF CAUSE—NOTICE.—In such a case, where at the time set for the hearing of the order to show cause the matter was reassigned to another department of the superior court, the opposing party was not entitled to "notice of trial" under the provisions of section 594 of the Code of Civil Procedure, as there is only one superior court in the city and county of San Francisco and jurisdiction is vested by the constitution in the court, not in a particular judge or department.

[4] ID.—TRANSFER OF CAUSE—JURISDICTION.—A transfer of a cause from one department to another of the superior court is not a transfer of the jurisdiction of the cause, which remains at all times in the court as a single entity.

(1) 19 C. J., p. 359, n. 77.    (2) 19 C. J., p. 352, n. 63.    (3) 15 C. J., p. 865, n. 82.

APPEAL from an order of the Superior Court of the City and County of San Francisco modifying a final decree of divorce. Benjamin K. Knight, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John L. McNab and R. H. Countryman for Appellant.

Clara Shortridge Foltz for Respondent.

2.   See 9 Cal. Jur. 787, 797.
3.   See 7 Cal. Jur. 681; 24 Cal. Jur. 722.

WASTE, C. J.—An interlocutory decree was rendered in the court below by which the plaintiff was granted a divorce from the defendant on the ground of her wilful desertion. The custody of the minor child of the parties, a son, of the age of about three years, was, by consent, awarded to the defendant, but no provision was made in the decree for the support of the child. In due course a final decree was entered. It contained the same provision as to the custody of the minor child that was embodied in the interlocutory decree, and it appearing to the court that the property rights of the parties had been settled out of court, nothing was awarded the defendant by way of alimony, and no provision was made for the financial support of the child.

Some two and a half years after the entry of the final decree the defendant obtained an order of court, based upon an affidavit of herself, directing the plaintiff to appear and show cause why an order theretofore "made and entered in the above entitled action should not be modified; and further to show cause . . . why [he] should not pay to defendant . . . for the support and maintenance of said minor child . . . the sum of $50.00 per month." This order, accompanied by a notice of hearing, but without the affidavit, was served by the sheriff on the plaintiff personally. The motion to modify came on regularly for hearing in department 9 of the superior court of the city and county of San Francisco, the parties being personally present in court, and each represented by counsel. The record recites that "after certain proceedings were had therein, the matter of said motion was by the court continued until Friday, June 8, 1923, at the hour of 10 o'clock a. m." On the day to which the proceeding was continued, the defendant and her counsel were in court, but the plaintiff was not present and was not represented. The presiding judge of the court reassigned the proceeding to department 8, and the clerk of that department placed the proceeding upon the calendar for hearing at 10 o'clock. The matter was reached about noon of that day. It was taken up and considered by the court, which made an order modifying the final decree. It found that the child, then of the age of seven years, was physically frail, at all times exceedingly nervous and easily excited, and was then and for some time had been under the care of a

physician. After reciting other matters relating to the comfort and welfare of the child, and finding that the plaintiff was then voluntarily contributing toward its maintenance the sum of thirty-five dollars per month, the court ordered that the final decree of divorce be modified in substance to conform to the final decree as to the custody of the child and the right of the plaintiff in the premises, and, further, that the plaintiff be ordered to pay to defendant, for the maintenance and support of the child, the sum of fifty dollars per month, to continue regularly thereafter until the further order of the court. It is from this order modifying the final decree that the plaintiff has appealed.

[1] Appellant complains, first, that no affidavit or copy of any affidavit of the defendant, on which the motion to modify was based, was ever served on plaintiff, and that no copy of notice of motion or hearing of the order to show cause or of the affidavit was served on the attorney for plaintiff. Plaintiff is not in position to make this objection to the order. Two and a half years had elapsed after the entry of the final decree, and there was nothing of record to show that the attorney who formerly represented plaintiff in the divorce action was still his attorney. The service of the notice of hearing and order to show cause on the plaintiff was sufficient service to give the court jurisdiction over him and of the subject matter of the motion. The plaintiff was present in court and was represented by counsel at the time the motion to modify the decree came regularly on for hearing in department 9. No objection was then made, and from the record it does not appear that any objection was ever made to the service had on the plaintiff. He must, therefore, be held to have waived any objections which he might have offered at that time.

[2] It is next contended by appellant that neither the order to show cause nor the notice of hearing served on the plaintiff contained any statement or gave notice to the effect that it was the desire of the defendant to have the final decree of divorce modified in relation to the custody of the minor child. It is true that any intended modification therein, except as to the amount to be contributed to the support of the child, is stated in very general terms; but the trial court having jurisdiction of the divorce action and the parties thereto was vested with full authority to make

any order it might deem necessary for the custody, care, education, maintenance, and support of the minor child during its minority. (Civ. Code, sec. 138.) The modification made by it in regard to the custody of the child is, in effect, but a restatement in different form of the provisions contained in the interlocutory and the final decrees, and the rights of the plaintiff are safeguarded by the language of the decree as modified.

[3] Appellant's real contention appears to be that the trial court had no jurisdiction to make the order modifying the decree for the reason that the plaintiff did not have notice of the reassignment and transfer of the cause from one department of the superior court to another. He contends that he should have had "notice of trial" under the provisions of section 594 of the Code of Civil Procedure. There is only one superior court in the city and county of San Francisco. (*Brown* v. *Campbell,* 110 Cal. 644 [43 Pac. 12].) Jurisdiction is vested by the constitution in the court, not in a particular judge or department. It further provides that there may be as many sessions of the court as there are judges. Whether sitting separately or together, the judges hold but one and the same court. The division into departments is for the convenient dispatch of business. (*Ransome-Crummey Co.* v. *Wood,* 40 Cal. App. 355 [180 Pac. 951].) [4] A transfer from one department to another is not a transfer of the jurisdiction of the cause, which remains at all times in the court as a single entity. (*Graziani* v. *Denny,* 174 Cal. 176 [162 Pac. 397].) In those counties in which there is more than one department of the superior court, it is the recognized practice, when a cause assigned to one department cannot, for some reason, be heard at a designated time, to transfer it to another department where the court is not engaged at the time, for hearing forthwith. It would bring about an absurd situation in the courts of the counties having more than one department of the superior court to require service of the five days' notice provided in section 594 (*supra*) in situations like that we are now considering. The record shows that the judge presiding in department No. 8 did not proceed with the hearing until satisfied that counsel for the plaintiff had assured counsel for the defendant that he was engaged elsewhere and would not appear at the hearing. The order modifying the decree also

recites that the "motion came on regularly for hearing in department 8 . . . of the court . . . after due and legal notice thereof to the plaintiff." The cases relied on by appellant do not apply to the present situation. They relate to setting causes for trial, failure to give the required notice, and inadvertence and excusable neglect on the part of counsel to properly note the date fixed. (*Hagenkamp* v. *Equitable Life Assur. Society*, 29 Cal. App. 713 [156 Pac. 520]; *Cahill* v. *Verdier*, 54 Cal. App. 465 [202 Pac. 154].) Any general expression of the court in either case which may seem to make the decision applicable to the proceeding now before us must be disregarded.

The order appealed from is affirmed.

Seawell, J., Richards, J., Shenk, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.