Donald R. HUGHES, Appellant,

v.

Geoffrey B. DUNSMOOR, Appellee.

No. 51099.

Court of Appeals of Oklahoma, Division 2.

April 17, 1979.

Released for Publication by Order of Court of Appeals May 10, 1979.

Ronald G. Raynolds, Tulsa, for appellant.

Jim D. Shofner, Tulsa, for appellee.

BACON, Presiding Judge.

On March 9, 1977, appellant filed suit against appellee in Small Claims Court of Tulsa County, Oklahoma. The suit was brought to recover a $500 deposit on a car which had previously been ordered but was later cancelled.

The suit directed appellee to appear and answer the claim on March 30, 1977 at 9:00 a. m.

On March 29, 1977, the day before trial, appellee filed an answer which counter-claimed for "$625 for cancellation of contract."

On March 30, 1977, appellant was granted a default judgment because appellee failed

to appear; appellant then proceeded to enforce it. However, on May 9, 1977, appellee filed a motion to vacate the default judgment which was sustained on May 18, 1977. The reason given for vacating the judgment was that 12 O.S.1976 Supp. § 1759 states that if a counterclaim is filed for an amount in excess of $600, unless otherwise agreed, the action shall be transferred to another docket of the district court for proceedings. In vacating the judgment, the trial court held, in effect, that once the counterclaim was filed for $625 the small claims division lost jurisdiction of the suit.

Appellant filed a motion for new trial which was overruled, and he now challenges the order of vacation.

The three relevant statutes of the Small Claims Act are 12 O.S.1975 Supp. § 1757; 12 O.S.1971 § 1758; and, 12 O.S.1976 Supp. § 1759 which read as follows:

"§ 1757. Transfer of actions from small claims docket to another docket.

- "On motion of the defendant the action shall be transferred from the small claims docket to another docket of the court, provided said motion is filed and notice given to opposing party at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer and, provided further, that the defendant deposit the sum of Twenty-five Dollars ($25.00) as the court cost, and thereafter the procedure prescribed by Title 28 of the Oklahoma Statutes, Sections 151 to 161, shall prevail as to other costs, the action shall proceed as other civil actions and shall not proceed under the small claims procedure. The clerk shall enclose a copy of the order transferring the action from the small claims docket to another docket in an envelope addressed to the plaintiff, with postage prepaid. Within twenty (20) days of the date the transfer order is signed, the plaintiff shall file a petition that conforms to the standards of pleadings prescribed by the Code of Civil Procedures. The answer of the defendant shall be due within twenty (20) days after the filing of the petition and the reply of the plaintiff

in ten (10) days after the answer is filed. If the plaintiff ultimately prevails in the action so transferred by the defendant, a reasonable attorney's fee shall be allowed to plaintiff's attorney to be taxed as costs in the case."

"§ 1758. Counterclaim or setoff by verified answer.

"No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a setoff, he shall file a verified answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court not later than forty-eight (48) hours prior to the hour set for the appearance of said defendant in such action. . . . ."

"§ 1759. Claims, counterclaims, or setoffs in excess of Six Hundred Dollars.

"If a claim, a counterclaim, or a setoff is filed for an amount in excess of Six Hundred Dollars ($600.00), the action shall be transferred to another docket of the district court unless both parties agree in writing and file said agreement with the papers in the action that said claim, counterclaim or setoff shall be tried under the small claims procedure. If such an agreement has not been filed, a judgment in excess of Six Hundred Dollars ($600.00) may not be enforced for the part that exceeds Six Hundred Dollars ($600.00). If the action is transferred to another docket of the district court, the person whose claim exceeded Six Hundred Dollars ($600.00) shall deposit with the clerk the court costs that are charged in other cases, less any sums that have been already paid to the clerk, or his claim shall be dismissed and the remaining claims, if any, shall proceed under the small claims procedure."

In *In re Guardianship of Campbell*, Okl., 450 P.2d 203 (1966), the supreme court held:
"Where two acts, or parts of acts, are susceptible of a construction which will give effect to both without doing violence to either, this construction should be adopted in preference to a construction

which leads to the conclusion that there is a conflict."

And, in reading the statutes *in pari materia* we find there are two methods of transferring the suit filed in small claims court to district court. One is by filing a motion to transfer under § 1757 which requires notice at least forty-eight (48) hours prior to the time fixed for defendant to appear and answer the suit. The second method is under § 1759 where a counterclaim or setoff is filed in excess of $600, and, unless agreed otherwise in writing by the parties, the action will be transferred to district court. We further find, in reading these three statutes *in pari materia*, that the counterclaim must be filed not later than forty-eight (48) hours prior to the hour set for the appearance of the defendant under § 1758.

In the present case, it is undisputed, indeed even admitted, that the answer and counterclaim were filed no more than twenty-four (24) hours prior to the time set for appellee's appearance. Such filing was untimely, and, therefore, the court properly entered default judgment for appellant but subsequently committed error by vacating that judgment.

Appellee advances an argument relying, in effect, on § 1759 and saying that if defendant files a counterclaim *anytime* prior to trial, the case must automatically be transferred from the small claims court. However, this argument ignores § 1758 which states the counterclaim "shall" be filed not later than forty-eight (48) hours prior to the time fixed for defendant to appear. To hold § 1759 allows a counterclaim to be filed at any time prior to the time fixed for defendant to appear so long as the counterclaim or setoff exceeds $600, we think, defeats the purpose of § 1758 which states when a counterclaim shall be filed. If the legislature intended a counterclaim exceeding $600 under § 1759 could be filed at some other time than a counterclaim under § 1758, the legislature would have said so. (And, the rule *in pari materia*, unless the contrary is stated, dictates this conclusion.)

The case is reversed and remanded to the small claims court with instructions to overrule appellee's motion to vacate and reinstate the default judgment.

BRIGHTMIRE and NEPTUNE, JJ., concur.