**Gene CARTER and Margie Carter d/b/a Carter Drywall, Petitioners,**

**v.**

**James GULLETT, Leonard G. Geb, Special Judges, and the CSC Division of the District Court of Oklahoma County, Respondents.**

No. 53887.

Supreme Court of Oklahoma.

Oct. 23, 1979.

---

5. *Shea v. Shea*, 537 P.2d 417 (Okl.1975).

Robert T. Keel by Martha R. Kulmacz, Oklahoma City, for petitioners.

Whitten & Pankey by Linda L. Gray, Oklahoma City, for respondents.

DOOLIN, Justice:

This matter involves certain statutory requirements and interpretations of the small claim procedure act (the act) 12 O.S.1971 § 1751 et seq., particularly §§ 1758 & 1759.

Plaintiff's suit, based on contract for labor and services performed, was filed in the small claims division of the Oklahoma District Court, seeking recovery of $370.00. After being once continued defendants appearance was set for 9:00 a. m., June 13, 1979. Defendant did not file a verified counterclaim or setoff 48 hours prior to the 9:00 a. m. hearing as required by 12 O.S. 1971 § 1758. There is evidence the defendant communicated his intent to file a counterclaim to the plaintiff in the 48 hour period set out in § 1758.

Sometime after 9:00 a. m. on June 13, the defendant filed his counterclaim praying judgment in an amount of $1,600.00. Meanwhile, discovering defendant's counterclaim had not been timely filed and no agreement under § 1759 entered into between plaintiff and defendant, the plaintiff filed his motion to strike defendant's claim.

The trial court overruled plaintiff's motion and plaintiff petitions this court for extraordinary relief under Art. VII, § 4 of the Oklahoma Constitution to prohibit the transfer of the suit to district court.

We assume jurisdiction.

The respondent (defendant) argues a claim in excess of the $600.00 limitation of the act *must* be transferred to another division of the district court upon filing a verified counterclaim or setoff. He argues that the amount mandates a transfer. We do not agree.

Procedures under the small claims act are less formal, void of rigid restrictions and proceed with little regard to technicalities pertaining to the rules of evidence. They cloth the judge with the power to dispense speedy justice.[1] This right should not be taken from a small claim plaintiff arbitrarily and capriciously. The act requires a strict compliance with the 48 hour provision of § 1758. The Legislature has mandated a counterclaim should not be allowed unless filed 48 hours before the date of hearing. If counterclaim is disallowed, there is no basis for a transfer. We construe §§ 1758 & 1759 together and in pari materia. The amendment of § 1759 in 1976 by the Legislature, 12 O.S.1978 Supp. § 1759 amended the statutory amount of the claim for $400.00 to $600.00. It did not alter the procedural aspects of the act.

The case of *Hughes v. Dunsmoor, 594 P.2d 1231 (Okl.App.1979)* decided by Division 2 of the Oklahoma Court of Appeals is squarely in point and dispositive; we would give it precedential effect and value.[2]

Let the writ issue.

LAVENDER, C. J., and WILLIAMS, HODGES, BARNES, SIMMS and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and OPALA, J., dissent.

OPALA, Justice, dissenting:

The first-impression question sought to be presented by this original proceeding for a writ of prohibition is whether a small claim may be transferred to another docket of the district court when defendant's answer with counterclaim for a sum above the small claims' statutory value limit of $600.00 [1] is filed [and notice thereof given] less than 48 hours before the time fixed for trial. Petitioners [plaintiffs] ask that we hold the district court powerless to transfer a claim in these circumstances. We accede

---

1. *Black v. Littleton,* 532 P.2d 486, 487 (Okl. App.1975).

2. See Policy on Publication of Appellant Opinions, 12 O.S.1971 Ch. 15, App. 2 following rule 1.187 § 2.

1. 12 O.S.Supp.1978 § 1751.

to their plea and prohibit the district court from enforcing what we declare to be an unauthorized transfer order. The court's pronouncement, in which I am unable to join, rests on two assumptions. These are: (1) the 48-hour time limits in 12 O.S.Supp. 1978 § 1757 and 12 O.S.1971 § 1758 [2] have the force of a jurisdictional barrier and (2) the record in this case supports plaintiffs' complaint that defendant's answer and counterclaim did in fact arrive later than is permissible by §§ 1757 and 1758 deadline of 48 hours. *The first of these assumptions does violence to our constitutionally prescribed institutional design for the district courts and the second finds no support in the record before us.*

A small claim may be transferred to another district court docket by two statutorily authorized methods: (1) under § 1757 on defendant's motion to transfer and (2) under § 1759 on defendant's counterclaim or setoff for more than $600.00. When all *in pari materia* sections of the Small Claims Procedure Act are construed together,[3] it is clear that both methods require the defend-

ant to seek the transfer "at least" 48 hours before trial time. The Court of Appeals so concluded in *Hughes v. Dunsmoor,* Okl. App., 594 P.2d 1321 [1979]. So far as *Hughes* holds the 48-hour deadline applicable to both statutory transfer methods, I have no quarrel with that opinion. It does not require the result the court reaches here.

There can be no ground in this case for prohibiting the transfer of the claim unless we deal with the 48-hour limit of §§ 1757 and 1758 as a jurisdictional time barrier that automatically divests the district court of its power to act.[4] By our Constitution, Art. 7 § 7(a), the district court is a single, indivisible integrity with "unlimited original jurisdiction of all justiciable matters . . ."[5] If we are to remain true to our fundamental law's mandate for an omnicompetent single-level trial court, we cannot regard ourselves free to chop up that tribunal into rigidly divided compartments with tightly restricted inter-divisional movement of cases.[6] Although as an ex-

---

2. All other statutory citations to Title 12 will be by reference to the section with the title number omitted.

3. The sections *in pari materia* are 12 O.S.Supp. 1978 §§ 1757, 1759 and 12 O.S.1971 § 1758. These provide in pertinent part:

"§ 1757. On motion of the defendant the action shall be transferred from the small claims docket to another docket of the court, provided *said motion is filed and notice given to opposing party at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer* . . ." [emphasis added]

"§ 1758. No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a setoff, he shall file a verified answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court *not later than forty-eight (48) hours prior to the hour set for the appearance of said defendant in such action* . . ." [emphasis added]

"§ 1759. If a claim, a counterclaim, or a setoff is filed for an amount in excess of Six Hundred Dollars ($600.00), the action shall be transferred to another docket of the district court unless both parties agree in writing and file said agreement with the papers in the action that said claim, counterclaim or setoff shall be tried under the small claims procedure . . ."

4. Prohibition will not lie for erroneous application of the law where the district court has jurisdiction of the subject-matter of the action and of the parties thereto. *Spradling v. Hudson,* 45 Okl. 767, 146 P. 588 [1915]. Neither does prohibition lie to keep an inferior court from making an erroneous determination of law or facts in matters within its jurisdiction. *School Dist. No. 20 v. Walden,* 146 Okl. 19, 293 P. 199, 203 [1930].

5. In *Tubby v. Tubby,* 202 Cal. 272, 260 P. 294, 296 [1927], the court expressed itself in the following language concerning the jurisdictional integrity of the superior court:

"There is only one superior court in the city and county of San Francisco. * * * *Jurisdiction is vested by the Constitution in the court, not in a particular judge or department.* It further provides that there may be as many sessions of the court as there are judges. Whether sitting separately or together, *the judges hold but one and the same court. The division into departments is for the convenient dispatch of business.*" [emphasis added]

This expression aptly describes the jurisdictional sweep in the institutional design of our district court.

6. When construing statutes susceptible of more than one interpretation, we must adopt that meaning which will make the enactment con-

pression of legislative concern for speed in processing small claims, the 48-hour norm is, without a doubt, entitled to a vigorously enforced compliance on a day-to-day basis, its application *must not* inject into forensic operations a mechanistic boundary line that would return us to the pre-1969 state of jurisdictional fragmentation by destroying the present system's flexibility in internal caseflow management. In short, speed *must yield* when it collides with the Constitution's basic design for our district courts.

I would treat the 48-hour limit of §§ 1757 and 1758 as akin to a statute of limitations. It should be applied subject to tolling, waiver, consent or estoppel. Relief from its stricture should also be available for good cause shown by compelling equitable considerations.[7] Cf. *State ex rel. Central State Griffin Memorial Hospital v. John M. Reed,* Okl., 493 P.2d 815 [1972].

By the terms of §§ 1757 and 1758, construed together with § 1759, the small claims defendant desirous of transferring the case is required both to file the counterclaim and to give the plaintiff notice thereof "at least forty-eight hours" before trial time. *Defendant's failure to perform this act, if true, is undocumented in this court.*

The entire record here consists of the loose-leaf appearance docket sheet reproduced for our use in two copies. Neither of these shows the *exact hour* defendant's answer and counterclaim was filed. *All we know is that it reached the clerk during the day on June 11, 1979 and was then filed in a claim scheduled for trial on June 13. There is no record trial of the fact that the counterclaiming defendant was untimely.* The sole support for defendant's alleged tardiness consists of plaintiffs' verified "application for writ of prohibition". This is nowhere directly admitted or denied.[8] The defendant does maintain that it mailed to the plaintiffs a copy of the counterclaim on

June 7 and there is no averment that plaintiffs failed to receive that copy more than 48 hours before trial time on June 13 at 9:00 A.M.

Since the court clerk's docket sheet does not show us the hour defendant's original counterclaim was filed and there is no record proof of the time plaintiffs received a copy of it by mail, we must here follow the statutory rule to the effect that "[F]ractions of a day are to be disregarded in computations which include more than one day . . ." 25 O.S.1971 § 23. Unless an issue of priority does arise, which is not the case here, an interval of less than a day may be ignored because a day is *punctum temporis* in contemplation of law.[9]

The small claims division is not a separate court, as intimated by the Court of Appeals in *Hughes v. Dunsmoor,* supra, but rather it is one of the district court's dockets. 20 O.S.1971 § 91.2. The Constitution inhibits our treatment of the 48-hour statutory deadline for transfer of small claims as equivalent to a jurisdictional barrier. Moreover, the record before us fails to document defendant's want of compliance with that time limit. I would hence either deny the writ or refuse to assume original jurisdiction.

I am authorized to state that IRWIN, V. C. J., concurs in this view.

---

stitutional. *Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 [1932]; *Neumann v. Tax Commission,* Okl., 596 P.2d 530, 532 [1979].

7. *City of Tulsa v. Whittenhall,* 140 Okl. 160, 282 P. 322, 324 [1929].

8. No authority is called to our attention which places the burden upon a party-respondent in an original proceeding to deny an asserted extra-record fact, whether verified or not.

9. 25 O.S.1971 § 23; *Franklin v. State,* 9 Okl.Cr. 178, 131 P. 183 [1913].