**Dale ROBERTSON and Haymaker Farms, Ltd., a corporation, Petitioners,**

v.

**The Honorable Floyd L. MARTIN, Judge of the District Court of Canadian County, State of Oklahoma, Respondent.**

No. 55078.

Supreme Court of Oklahoma.

July 8, 1980.

P. M. Williams, Oklahoma City, for petitioners.

Fogg, Fogg & Howard by Fletcher D. Handley, Jr., El Reno, for respondent.

BARNES, Justice:

In this original action, we are asked to assume original jurisdiction and issue a Writ of Prohibition, prohibiting the Respon-

dent Trial Judge, The Honorable Floyd L. Martin, from proceeding in a cause which originated on a Small Claims Docket in Canadian County. The Petitioners, Dale Robertson and Haymaker Farms, Ltd., a corporation, were defendants below in a contract action brought against them by Hacco, Incorporated. This contract action was commenced by Hacco when it filed a Small Claims Court Affidavit in the District Court of Canadian County, and the case was assigned to that Court's Small Claims Docket. Defendants below, Dale Robertson and Haymaker Farms, Ltd., made a special appearance, filing a motion to quash. When that motion was overruled, they asked for additional time to plead or answer, and, within that time, they filed a Motion to Transfer the case from the Small Claims Docket to another Docket of the Court pursuant to the provisions of 12 O.S. Supp.1978, § 1757. On November 29, 1979, the Trial Court granted this Motion to Transfer, transferring the case from the Court's Small Claims Docket to its Civil Docket. On the same day, notice of the motion, together with the order transferring the cause to the Civil Docket, was mailed by the Clerk to the plaintiff, Hacco, Incorporated.

Although the provisions of 12 O.S.Supp. 1978, § 1757, provide that after transfer of a cause from the Small Claims Docket to another Docket of the Court, the plaintiff shall have twenty (20) days to file a petition that conforms to the standards of pleadings prescribed by the Code of Civil Procedure, Hacco did not file a petition within twenty days, but filed its petition on February 6, 1980,—more than sixty days after the granting of the Motion to Transfer.

Defendants below, Robertson and Haymaker Farms, filed a Motion to Dismiss and a Demurrer to the petition on the sole ground that the Court lacked jurisdiction to further proceed in the cause, because Hacco had not filed its petition within twenty days of the Trial Court's Transfer Order. The Trial Court denied this motion and granted leave to Hacco to file its petition out of time. The defendants below now petition

this Court, asking us to assume original jurisdiction and prohibit the Trial Court from further proceeding in the cause, arguing that the provisions of 12 O.S.Supp.1978, § 1757, which provide that plaintiffs must file a petition within twenty days of a transfer of a cause from the Small Claims Docket to another Docket of the Court, is a jurisdictional requirement.

The Petitioners argue that the twenty-day provision of 12 O.S. § 1757 is similar to the thirty-day provision of 12 O.S. § 990, which provides for appeal of civil cases to this Court within thirty days, which we have on many occasions held to be a jurisdictional requirement.

■■■■ We find no merit to Petitioners' argument. The twenty-day provision of 12 O.S.Supp.1978, § 1757, is simply not a jurisdictional requirement. The District Court obtained jurisdiction of the matter when the Small Claims Affidavit was filed. The action taken by the Court was merely a transfer of that case to a different docket, and at no time did the Court lose jurisdiction of the matter. While it is true the plaintiff below did not file its petition within twenty days, its failure to timely file did not deprive the Court of jurisdiction in the case. The litigant's failure to timely file its pleadings, briefs, and the like, is not jurisdictional, and the Trial Court has the discretion to permit filings out of time. We see no reason to hold that such discretion does not exist when an action is transferred from a Small Claims Docket to another Docket of the Court. For these reasons, we refuse to issue the Writ requested.

ORIGINAL JURISDICTION ASSUMED AND WRIT DENIED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, SIMMS, HARGRAVE and OPALA, JJ., concur.

OPALA, Justice, concurring specially:

Because the Oklahoma fundamental law expressly mandates an omni-competent sin-

gle-tier trial court,[1] we are not free to chop up our district court "into rigidly divided compartments with tightly restricted inter-divisional movement of cases."[2] No legislatively-prescribed time limit that affects—directly or obliquely—the inter-docket transfers of cases within the district court may hence be treated as a jurisdictional barrier. A contrary construction would of-fend the Constitution's institutional design for the district court.[3]

1. Art. 7, § 7(a), Okl.Con. (1967 Amendment).

2. *Carter v. Gullett*, Okl., 602 P.2d 640, 641 [1979] (dissenting opinion by Opala, J.).

3. *Carter v. Gullett*, supra note 2 at p. 643 (dissenting opinion by Opala, J.).