**INTERSTATE BRANDS CORPORATION,**
Petitioner,

v.

Ed STEPHENS, Judge of the Small Claims Court, District Court of Tulsa County, Oklahoma, and Clancy Lain, Clerk, Small Claims Court, District Court of Tulsa County, Oklahoma, Respondents.

No. 54972.

Supreme Court of Oklahoma.

July 29, 1980.

Frank Gregory, Tulsa, for petitioner.

Clyde A. Boyd, III, Tulsa, for respondents.

WILLIAMS, Justice.

In this action, we are asked to assume original jurisdiction and issue a writ prohibiting the respondents from orally rescinding and/or disregarding a written order previously made by respondent judge and filed of record by the clerk of the small claims division of the district court by which order cause No. SC–79–16621 was ordered transferred from the small claims docket to the regular civil docket of that court.

Petitioner, Interstate Brands Corporation, is the defendant in the matter on the district court's small claims docket, the case from which the present action arises.

The appearance date for that case was originally set for 9:00 A.M. on December 18, 1979. Both parties in that action have apparently requested the appearance date be set off and continued several times, purportedly by agreement, and such requests were approved by respondent judge.

On February 6, 1980, petitioner filed a pleading entitled "Answer And Counterclaim of Interstate Brands Corporation" and designating "In The District Court". Thereafter, on March 18, 1980, petitioner filed a motion requesting a transfer of the case from the small claims docket to a regular civil docket of the district court pursuant to 12 O.S.1979 Supp. § 1757. This motion was filed seven days prior to the re-scheduled appearance date set for March 25, 1980.

Respondent judge granted the motion on March 18, 1980, and his written order doing so was duly filed that same day. However, the following day he advised petitioner the transfer order was of no force and effect and refused to transfer the case to the regular civil docket. The respondent clerk also has allegedly refused to "process the transfer order" (transfer).

Plaintiff, the real party in interest in the small claims case below has filed a pleading stating that he has no objection to the trial court's transfer of this case.

Petition contends respondent judge was required to transfer the case to "another docket" upon receipt of the timely-filed motion to transfer, notice to opposing party and payment of court cost.

Respondents assert that petitioner's motion to transfer was not timely filed. They say that § 1757 requires a motion to transfer be filed 48 hours prior to the very first scheduled appearance date. They conclude petitioner's motion could be filed no later than 9:00 A.M. December 16, 1979, the original appearance date being 48 hours from that time, on December 18, 1979.

■ The language of 12 O.S.1979 Supp. § 1757 in pertinent part provides:

On motion of the defendant the action shall be transferred from the small claims docket to another docket of the court, provided said motion is filed and notice given to opposing party at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer and, provided further, that the defendant deposit the sum of Thirty-five Dollars ($35.00) as the court cost, and thereafter the procedure prescribed by Title 28 of the Oklahoma Statutes, Sections 151 to 161, shall prevail as to other costs, the action shall proceed as other civil actions and shall not proceed under the small claims procedure.

We find no expression in the above quoted statute which permits a motion to transfer to be filed *only* before the original appearance date.[1] The language of § 1757 merely states that such motions must be filed 48

---

1. *Carter v. Gullett*, 602 P.2d 640 (Okl.1979) concerned whether or not a counterclaim of $1600.00 filed only 24 hours prior to the appearance date would operate to transfer the case from the small claims docket of the district court to the regular civil docket. This Court denied the transfer finding that 12 O.S. 1971 § 1758 required that a counterclaim exceeding $600.00 be filed more than 48 hours before the small claims hearing in order to cause transfer. The opinion in *Carter v. Gullett*, in passing, noted that the appearance date had been once continued. However, no suggestion was made that as a result of the continuance the counterclaim was barred.

hours before the "time fixed in the order for defendant to appear." The meaning of this section we think is clear and unambiguous. Petitioners motion to transfer, filed seven days before the appearance date last ordered and set, was timely.

■ Respondents also assert that petitioner by seeking affirmative relief while its case was pending on the district court's small claims docket has precluded itself from transferring the matter to the regular civil docket of the district court. We determine that as to this contention respondents likewise err.

In *Roberson v. Martin*, 613 P.2d 1049 (Okl.1980), a recent case also concerned in part with the transfer of actions from the small claims docket to the regular civil docket of the district court pursuant to section 1757, we stated "The District Court obtained jurisdiction of the matter when the Small Claims Affidavit was filed. The action taken by the Court was merely a transfer of that case to a different docket, and at no time did the Court lose jurisdiction of the matter."

■ We know of no reason to hold a timely filing, in the small claims division, of motions permitted by statute and decision, for continuance, transfer to "another docket" or counterclaim constitutes a waiver of the very right sought in the request.

A search through the statutes comprising the Small Claims Procedures Act, 12 O.S. 1971 § 1751 et seq., reveals no prohibition of such transfers after counterclaims or other motions have been timely filed by the moving party during the pendency of the case on the district court small claims docket.

Rather, it provides for transfers to the regular civil docket of the district court upon timely motion, notice to opposing party and payment of costs.[2]

We find petitioner satisfied those requirements, and should not be deprived of its right to transfer to "another docket" of the district court.

Original jurisdiction assumed and writ granted.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES and DOOLIN, JJ., concur.

OPALA, J., concurs specially.

SIMMS, J., dissents.

OPALA, Justice, concurring:

I concur in this decision because I believe that there can be *no* jurisdictional time limit on the exercise of judicial power to transfer a small claim to another docket of the district court.

Our fundamental law expressly mandates an omnicompetent single-tier trial court.[1] This constitutional tribunal cannot be splintered "into rigidly divided compartments with [a] tightly restricted inter-divisional movement of cases."[2] No legislatively-prescribed time limit that affects—directly or obliquely—the inter-docket transfer of cases within the district court may hence be treated as a jurisdictional bar. A contrary construction would offend the Constitution's institutional design for the district court.[3]

**2.** In *Hughes v. Dunsmoor*, 594 P.2d 1231 (Okl. App.1979) the Court of Appeals noted that there were two methods of transferring a suit from the small claims docket to the regular docket of the district court provided in the Small Claims Procedures Act. It said, "One is by filing a motion to transfer under § 1757 which requires notice at least forty-eight (48) hours prior to the time fixed for defendant to appear and answer the suit. The second method is under § 1759 where a counterclaim or setoff is filed in excess of $600, and, unless agreed otherwise in writing by the parties, the action will be transferred to district court."

That Court concluded further that the counterclaim must be filed not later than forty-eight (48) hours prior to the hour set for the appearance of the defendant under § 1758.

**1.** Art. 7, § 7(a), Okl.Con. (1967 Amendment).

**2.** *Carter v. Gullett*, Okl., 602 P.2d 640, 641 [1979] (dissenting opinion by Opala, J.).

**3.** *Carter v. Gullett*, supra note 1 at 643 (dissenting opinion by Opala, J.); see also *Robertson et al. v. Martin*, 613 P.2d 1049, (1980).