The Attorney General has received your request for an Opinion where you ask, in effect: What notice to a plaintiff is required under the provisions of 12 O.S. 1757 [12-1757] (1978(regarding transfer of cases from the small claims docket upon defendant's motion? Under the provisions of the Small Claims Procedure Act, 12 O.S. 1751 [12-1751] (1971) et seq., as amended, a defendant may cause a case filed against him to be transferred from the "small claims docket" to the "regular" civil docket of the district court, the case to proceed as other civil actions. The procedures and requirements involved in the transfer are described in 12 O.S. 1757 [12-1757] (1978), quoted in pertinent part as follows: * * * * "On motion of the defendant the action shall be transferred from the small claims docket to another docket of the court, provided said motion is filed and notice given to opposing party at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer . . . ." Emphasis added. * * * * As originally enacted in Laws 1968, c. 322 7, a defendant "requesting" transfer of a case to the regular civil docket was required to file a motion to that effect and cause the motion to be "delivered to the plaintiff in person and filed with the clerk of the court not later than forty eight (48) hours prior to the hour set for the appearance of the defendant . . . ." Emphasis added. As amended in Laws 1970, c. 266 1, the "notice" requirement was eliminated altogether, the clerk of the court being required only to mail a copy of the "order transferring the action" to the plaintiff by mail. The return of "notice" as a requirement to transfer of small claims to the regular civil docket occurred in Laws 1974, c. 128, 2
and was enacted in the same language as presently exists, although other procedural details not material here were later modified in 1978. While the present version of 1767 does not require "delivery" of the motion of transfer to a plaintiff "in person" as did the original version, 1757 does require two specific acts of a defendant to effect transfer: (1) filing of a motion to transfer the claim to the regular civil docket; and (2) notice to the plaintiff. Each act must be accomplished "at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer." While 1757 permits the clerk of the court to mail an order of transfer to the plaintiff by mail, it is clear that such a mailing must be made at a time sufficient to comply with the 48 hour notice requirement. Notice is either actual or constructive. 25 O.S. 10 [25-10] (1971). "Actual notice" consists of express information of a fact. 25 O.S. 11 [25-11] (1971). Where one has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a fact but omits to make such inquiry with reasonable diligence, the laws impute constructive notice. 25 O.S. 13 [25-13] (1971). In interpreting the "notice given" language of 1757, therefore, the sufficiency of notice, if not required to be actual, must surely be such as to meet the test of 25 O.S. 13 [25-13] (1971). Ultimately, however, whether a small claims plaintiff has had the requisite "notice given" is a question for the court. The mandatory nature of the 48 hour requirement of 1757 was employed in the construction of the notice of counterclaim requirements of 1758 and 1759 of the Small Claims Procedures Act in Hughes v. Dunsmoor, Okl. App.,594 P.2d 1231 (1979) and Carter v. Gullett, Okl., 602 P.2d 640
(1979). Indeed, the Court, in Carter, supra, said at 641: "* * * * "Procedures under the small claims act are less formal, void of rigid restrictions and proceed with little regard to technicalities pertaining to the rules of evidence. They clothe the judge with the power to dispense speedy justice. This right should not be taken from a small claim plaintiff arbitrarily and capriciously." * * * * Given the tenor of the Court's expressions in Hughes, supra, and Carter, supra, the requirement of 1757 to give notice to a plaintiff "at least forty-eight (48) hours" prior to the time prescribed in the order of appearance is to be liberally construed in favor of the plaintiff's right to the small claims procedure. It is, therefore, the official opinion of the Attorney General: 1. To effect removal of a cause from the small claims docket to another civil docket of the district court under the procedure described in 12 O.S. 1757 [12-1757] (1978), a defendant must cause a motion to be filed with the court and notice given to plaintiff, each act to be accomplished at least 48 hours prior to the time fixed in the order for the defendant to appear and answer. 2. The notice given a small claims plaintiff must be of such sufficiency to put a prudent person, in the exercise of reasonable diligence, upon inquiry as to the fact of removal of the action from the small claims docket; whether notice has been given to a plaintiff is sufficient to meet the requirement of 12 O.S. 1757 [12-1757] (1978) is a question of fact for the Court, such a determination to be liberally construed in favor of the small claims procedure. (Manville T. Buford)