Walter ESKRIDGE and Evelyn
Eskridge, Appellants,

v.

Donna LADD, Appellee.

No. 70763.

Supreme Court of Oklahoma.

Jan. 22, 1991.

Rehearing Denied June 25, 1991.

D. Norman Easter, II, Speck & Dell, Oklahoma City, for appellants.

A. Brad Cox, Grover Miskovsky & Associates, Oklahoma City, for appellee.

SUMMERS, Justice.

Today's case calls for our interpretation of certain provisions contained in the Small Claims Procedure Act found at 12 O.S.1981 § 1751 et seq. The specific issue is whether a timely filed Motion to Transfer, accompanied by an untimely counterclaim seeking damages in excess of the statutory Small Claims limits, requires the Small Claims judge to transfer the case "to the district court."[1] We conclude that the matter rests within the sound discretion of the court, and offer guidelines for reconsideration on remand.

The case arises out of an auto accident on January 10, 1988. Plaintiffs Walter and Evelyn Eskridge filed this action nine days later in the District Court of Oklahoma County, Small Claims Division, and the hearing was set for February 12, 1988. On February 10, 1988, Defendant Donna Ladd filed a Motion to Transfer, a Motion to Add Additional Party Defendants, and a counterclaim in the amount of $100,000. All three motions were filed more than 48 hours prior to the hearing. Section 1757 requires that Motions to Transfer from the

small claims docket be filed at least 48 hours prior to the hearing.

The trial court, however, found that the *counterclaim* was not timely filed because it did not comply with 12 O.S.Supp.1985 § 1758 which required that it be filed at least 72 hours prior to trial. The court also overruled the Motion to Add Additional Party Defendants, and denied the Motion to Transfer. Trial proceeded on the petition and judgment was entered against the defendant Ladd for $1,327.

Ladd timely filed a Motion to Reconsider and Motion to Vacate Judgment. The small claims court then granted Ladd's Motion to Vacate on the basis that it had lost jurisdiction over the case when the amount of the counterclaim filed by defendant exceeded the jurisdictional amount that a special judge could consider under 20 O.S.1985 § 123(A)(1). The court also withdrew its Order (1) dismissing the counterclaim, (2) overruling the Motion to Add Additional Party Defendants, and (3) denying the Motion to Transfer. By vacating the previous Order without directions to transfer, the small claims court left pending there plaintiffs' petition and defendant's motions. The Plaintiffs appealed. The Court of Appeals, Division I, in a memorandum opinion, affirmed the vacation of the judgment, but remanded with directions to grant the Motion to Transfer. The Eskridges petitioned for certiorari, which was granted by this Court.

The Eskridges assert that the trial court erred in finding that it did not have jurisdiction. They claim that the counterclaim was untimely, and thus the fact that it was in excess of the jurisdictional amount permissible under the SCPA is irrelevant. Defendant Ladd disagrees, arguing that the 72 hour requirement of the SCPA did not apply to the counterclaim at bar because the amount was greater than the jurisdictional amount. Ladd concludes that because of the amount sought, a transfer was mandatory. The Court of Appeals agreed with the Eskridges insofar as they argued

---

**1.** In this context "district court" is courthouse vernacular for a division of court with authority to adjudicate suits seeking any amount of mon-

ey. In truth the "Small Claims Court" is but a division of our omnicompetent District Court. See Okla.Const.Art. 7 § 7(a).

that the counterclaim was untimely filed. Nevertheless, the appellate court concluded that while the transfer was not mandatory, it should have been granted under Section 1757, the section allowing for discretionary transfers.

There are two types of transfers that may be done under the Small Claims Procedure Act: A discretionary transfer under Section 1757, and a mandatory one under Section 1759. We must resolve whether transfer was required under either statute.

■ Section 1759, in reference to the second type, or mandatory, transfer, stated "if a claim, a counterclaim, or a setoff is filed for an amount in excess of $1500, the action *shall* be transferred to another docket of the district court...." (emphasis added) Section 1758 requires that any counterclaim be filed at least 72 hours prior to the hearing. Here, the counterclaim was filed less than 72 hours prior to the hearing and concededly did not comply with Section 1758. This Court specifically addressed this situation in *Carter v. Gullett*, 602 P.2d 640, 641 (Okl.1979), wherein a motion to transfer under Section 1759 was premised on a counterclaim which was untimely filed under Section 1758. This Court stated that "the act requires a strict compliance with the 48 [now amended to require 72 hours] hour provision of Section 1758.... If the counterclaim is disallowed, there is no basis for a transfer." *Id.* at 641. (In *Carter v. Gullett*, however, there was no accompanying Motion for discretionary transfer, as here.)

■ Defendant Ladd argues that the 72 hour requirement does not apply to Section 1759 because counterclaims which exceed $1500 [2] are outside the dollar limit for a small claim. Under this reasoning, Ladd concludes that the counterclaim is valid and requires a mandatory transfer. Her argument is based on the fact that Section 1759 does not specifically refer to the 72 hour requirement of Section 1758. Ladd asserts that a counterclaim in excess of $1500 automatically falls under Section 1759, while a counterclaim which does not exceed $1500

falls under Section 1758. In other words, the two statutes are to be considered separately, each without consideration of the other. Yet in *Carter* this Court specifically stated that Sections 1758 and 1759 are to be construed together and in *pari materia*. *Id.* at 641. Any counterclaim, regardless of amount, must be filed no later than 72 hours prior to the hearing in order to comply with the SCPA. Because Ladd's counterclaim was not timely filed, it is invalid and does not invoke the mandatory transfer under Section 1759.

In its initial ruling, the trial court reached this conclusion as to the mandatory transfer. He also refused a discretionary transfer, took testimony, and ruled for the plaintiffs. However, upon reconsideration, the judge concluded that he had lost jurisdiction when the counterclaim was filed, and therefore vacated his previous order.

■ Insofar as the small claims judge determined that he was without jurisdiction, we must disagree. Clearly, the special judge had the power to make an initial determination of the timeliness of the counterclaim, along with the authority to consider the transfer. *See* 12 O.S.1981, § 1757–59. Even though the counterclaim was not timely filed, the small claims judge did not lose control of the case. It remained on the small claims docket. The question yet to be determined is whether the case should be transferred to another docket of the District Court pursuant to Section 1757.

■ That is the provision allowing for a discretionary transfer out of the Small Claims division, and it provides as follows:

"On motion of the defendant the action *may, in the discretion of the court,* be transferred from the small claims docket to another docket of the court, provided said motion is filed and notice given by the defendant to opposing party by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer.... The motion shall be heard

---

**2.** The limit has since been raised to $2500.00.

12 O.S.1989 Supp. § 1751.

at the time fixed in the order and consideration shall be given to the hardship on the plaintiff, complexity of the case, reason for transfer, and other relevant matters. If the motion is denied, the action shall remain on the small claims docket...." 12 O.S.1981 § 1757 (emphasis added)

The motion filed by Defendant Ladd made reference to this section. The trial court stated in its Journal Entry of Judgment that defendant's Motion to Transfer should be denied for the reasons that defendant's counterclaim has been stricken, that a trial by jury may be had under the SCPA, 12 O.S.1981 § 1761, but that defendant had failed to follow the requirements thereof, and that a transfer of this matter would create a hardship upon plaintiffs.

Where a matter rests in the discretion of the trial court its action will not be disturbed unless the discretion is abused. *In re Crane's Estate*, 201 Okl. 354, 206 P.2d 726 (1949). Abuse of discretion by the trial court cannot be presumed. *Phillips Petroleum Co. v. United States Fidelity & Guaranty Co.*, 442 P.2d 303 (Okl.1968); *Chase v. Watson*, 294 P.2d 801 (Okl.1956).

The order shows that the trial judge considered the first three factors set forth in Section 1757 and determined that a discretionary transfer was not warranted. While these factors must be considered, Section 1757 also allows consideration to be given to "other relevant matters." We believe that these "other relevant matters" must necessarily include a balancing of the competing interests of the parties. The interest of the plaintiff centers around the right to litigate his small claim quickly and inexpensively. As recognized by the legislature in enacting the SCPA, a valid interest is served by allowing certain cases below a specified dollar amount to be tried quickly. The SCPA also serves to reduce the case load of the other dockets within the district court.

The defendant also has interests which must be protected. As Ladd argues here, the time limits required by the SCPA may effectively bar her from litigating her counterclaim at a later time. We must agree that the trial judge, in entering judgment for the Eskridges, in effect made a determination that liability rested with Ladd. Although we do not rule on this point, we acknowledge that if that judgment were allowed to stand, Ladd's counterclaim may be forever barred under the theories of collateral estoppel or *res judicata. Wabaunsee v. Harris*, 610 P.2d 782, 785 (Okl.1980); *Am. Bank of Oklahoma v. Adams*, 514 P.2d 1191, 1193 (Okl.1973); *Boy Scouts of Am. v. Thompson*, 380 P.2d 705, 708 (Okl.1963).

In balancing these interests, we do not rule that any time an untimely counterclaim is filed in excess of the statutory limit for cases on the small claims docket, a discretionary transfer must be granted. Such a ruling would invite abuse by defendants who seek to stall the litigation of a claim. It would also deny the small claims court the discretion specifically allowed under Section 1757. But we do hold that careful consideration by the small claims court is required to determine whether a defendant's untimely filed counterclaim in excess of small claims limits is arguably meritorious, or whether it appears to have been filed merely as a delay tactic. If the counterclaim is such that it arguably appears recoverable in a sum in excess of small claims court dollar limits, this will weigh heavily in favor of a transfer.

The order of the small claims judge does not reflect that consideration was given to these competing interests. The record is completely devoid of the allegations made in the counterclaim. The counterclaim itself (mistakenly called "Cross–Petition" by defendant) is not contained in the record, and we cannot adequately determine whether the counterclaim mandates the exercise of discretion in favor of transfer. Ladd does state in her brief that settlement negotiations were ongoing with the Eskridges. This, however, without more, is insufficient to determine whether the counterclaim was filed merely as a delay tactic.

The trial judge's error was in concluding upon reconsideration that it had lost jurisdiction to consider the Motion to Transfer.

Hence, we remand this matter to the trial court for further consideration of Ladd's request for a discretionary transfer under Section 1757. The opinion of the Court of Appeals is vacated. The Judgment originally rendered below remains vacated. The trial judge shall once more consider the requested transfer, and proceed in a manner consistent with the opinion here.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

SIMMS, J., concurs in result.

OPALA, Chief Justice, concurring.

I accede to today's pronouncement. The court holds that the *untimeliness* of a counterclaim for an amount exceeding the statutory limit in small claims procedure[1] *poses no legal impediment to a discretionary transfer of the case out of the small claims docket.* I write specially to underscore the conceptual underpinnings of interdocket boundaries and to re-emphasize the fundamental-law analysis that governs interdocket transfers within the district court—an omnicompetent constitutional court of "unlimited" cognizance.[2]

## I.

## THE CRITICAL FACTS IN LITIGATION

Small claims plaintiffs appealed from an order *vacating* the judgment in their favor. The trial judge had concluded he lost "jurisdiction" to transfer the plaintiffs' small claim when the defendant *untimely* counterclaimed for an amount exceeding the statutory limit for "suits [which] may be brought under the small claims procedure."[3] The trial judge's end-of-the-line ruling which vacates the judgment "withdraws" (or sets aside) the earlier denial of the transfer motion. Pending in the district court at the appeal's commencement was the plaintiffs' small claim and the defendant's counterclaim.

The Court of Appeals affirmed the vacation order and directed that the case be transferred out of the small claims docket. Today's opinion also affirms. Rather than ordering a transfer, this court's pronouncement remands the case for reconsideration of the defendant's transfer motion by according "balance" to the parties' respective interests. I, too, would remand this cause for another hearing on the defendant's quest for transfer, but I would explicitly hold today that a trial judge has the power to effect a small claim's *discretionary* (nonmandatory) transfer across *interdocket* boundaries *at any point in litigation when either tenable legal or compelling equitable grounds are found.*

## II.

## MANDATORY AND DISCRETIONARY (NONMANDATORY) TRANSFERS OF A SMALL CLAIM

A small claim may be transferred to another docket of the district court by two specific, statutorily authorized methods. *On defendant's motion* that invokes the terms of 12 O.S.Supp.1985 § 1757[4] the ac-

---

**1.** See 12 O.S.Supp.1983 § 1751, whose pertinent terms provide:

"The following suits may be brought under the small claims *procedure:*
"1. *Actions for the recovery of money based on contract* or tort ... in which the amount sought to be recovered, exclusive of attorneys fees and other court costs, *does not exceed One Thousand Five Hundred Dollars ($1,500.00).* * * *
"* * * *" (Emphasis added.)
The present statutory limit for a small claim is $2,500.00. See 12 O.S.Supp.1989 § 1751.

**2.** See Art. 7, § 7(a), Okl.Const., whose pertinent terms provide:

" * * * *The District Court shall have unlimited original jurisdiction of all justiciable matters,* except as otherwise provided in this Article, and such powers of review of administrative action as may be provided by statute. * * *"
(Emphasis added.)
See also *Carter v. Gullett,* Okl., 602 P.2d 640, 642 (1979) (Opala, J., dissenting).

**3.** See 12 O.S.Supp.1983 § 1751, *supra* note 1.

**4.** The pertinent terms of 12 O.S.Supp.1985 § 1757 provide:

"*On motion of the defendant the action may, in the discretion of the court, be transferred from the small claims docket to another dock-*

tion *may* be transferred "in the discretion of the court" on at least 48 hours' notice given by mail. The other method for effecting a transfer is prescribed by the terms of 12 O.S.Supp.1985 § 1759. The latter provisions *require* that the case be removed from the small claims docket whenever "a claim, a counterclaim, or a setoff" is for an amount exceeding the statutory limit in small claims procedure (unless otherwise agreed among the parties in writing). When all the *in pari materia* sections of the Small Claims Procedure Act (12 O.S.1981 §§ 1751 et seq.) are construed together, it is apparent that both transfer methods require the defendant's transfer request be made "at least" 48 hours before trial.[5] Although the defendant in the instant case did so, she had *not* asserted her *counterclaim* within the time allowed by 12 O.S.Supp.1985 § 1758. The last cited section requires that a counterclaim or set-off be stated in a "verified answer" and a copy personally delivered to the plaintiff "not later than seventy-two (72) hours prior to the hour set for the [defendant's appointed court appearance in the] action."

When denying the defendant's motion to transfer the trial judge reasoned that since her untimely counterclaim was dismissible, no legal cause existed to remove the case from the small claims docket. It is obvious that the counterclaim's tardiness was viewed below as an insuperable jurisdictional impediment to the requested removal of the case. *This was clear legal error.* A district court's nonmandatory (discretionary) § 1757 transfer of a small claim cannot be viewed as absolutely impeded by legislative time limits. Indeed, *interdocket*

*boundaries may never be treated as jurisdictional;* they must be accepted as a *procedural* demarcation line separating *different* remedial regimes (e.g., small claims, probate, jury or non-jury) or dividing *discrete* classes of litigation (domestic, civil, criminal or the like).

A *mandatory* § 1759 transfer, on the other hand, rests upon the presence of specific statutory elements—i.e., the filing of a counterclaim which is both timely and for an amount in excess of the *procedural limit* for a small claim.[6] *Mandatory* transfers are hence applicable when the explicit statutory requirements are met. Because interdocket boundaries are not rigidly frozen along jurisdictional lines, quests for *nonmandatory* removal sought by a tardy small claims counterclaimant may not be rejected out of hand without giving due consideration to equitable factors in the case.

### III.

### DISCRETIONARY TRANSFERS ARE GOVERNED PRIMARILY BY NOTIONS OF FAIRNESS

The judiciary's constitutional responsibility to apply *fair and efficient litigation process* cannot be impaired or impeded by statutory enactments. Its obligation of fairness rests on the fundamental law's due process clause, state and federal, and on the courts' claim of inherent authority to fashion for dispensation those orderly procedures which are absolutely essential

---

*et of the court,* provided said motion is filed *and notice given* by the defendant to opposing party *by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer* and, provided further, that the defendant deposit the sum of Fifty Dollars ($50.00) as the court cost.
"The motion shall be heard at the time fixed in the order and *consideration shall be given to the hardship on the plaintiff, complexity of the case, reason for transfer, and other relevant matters.* If the motion is denied, the action shall remain on the small claims docket. If the motion is granted, the court shall

file an order transferring the action from the small claims docket to another docket, and ... the action shall proceed as other civil actions and shall not proceed under the small claims procedure. * * * *" (Emphasis added.)

**5.** *Carter v. Gullett,* Okl., 602 P.2d 640, 641 (1979); *Carter v. Gullett, supra* at 642 (Opala, J., dissenting).

**6.** The Small Claims Procedure Act entitles litigants to an accelerated adjudicative mode. The character of the recovery limit for small claims is clearly *procedural, not jurisdictional.* See 12 O.S.Supp.1983 § 1751, *supra* note 1.

in the performance of the judiciary's constitutionally mandated function of judicature.[7]

When considering a discretionary transfer quest invoked under § 1757, notions of fairness should be the court's prime beacon. The statute emphasizes "hardship on the plaintiff, complexity of the case, reason for transfer and other relevant matters."[8] Where, as here, the transfer motion is pressed with a belatedly tendered counterclaim, the trial court should assess, among the "other relevant matters" to be considered, whether compelling equitable considerations favor the removal of the case to another docket. A small claim *should* be deemed fit for a discretionary transfer if defendant's tardiness was not brought about by dilatory, vexatious or abusive litigation conduct and no laches be found.[9]

In sum, *all* judges of the district court have a constitutionally invested power to transfer cases from one docket to another on *any tenable legal or equitable ground shown at any point in litigation.* Under *no condition* may a legislatively imposed procedural time limit on transfer of small claims be perceived as a jurisdictional constraint upon the court.

I join in affirming the judgment's vacation, although I would prefer that today's remand be with direction that the defendant's motion to transfer be reconsidered in light of those standards of fairness in litigation process which are articulated by me in today's writing.

---

7. *Puckett v. Cook*, Okl., 586 P.2d 721, 722–723 (1978); *Winters v. City of Oklahoma City*, Okl., 740 P.2d 724, 729–730 (1987) (Opala, J., concurring in part and dissenting in part).

My dissent in *Carter v. Gullett, supra* note 5 at 642–643, strongly counsels against judicial treatment of time limits for interdocket transfers as legislatively erected jurisdictional barriers.
   "*By our Constitution, Art. 7 § 7(a), the district court is a single, indivisible integrity with 'unlimited original jurisdiction of all justiciable matters ....' If we are to remain true to our fundamental law's mandate for an omnicompetent single-level trial court, we cannot regard ourselves free to chop up that tribunal into*

*rigidly divided compartments with tightly restricted inter-divisional movement of cases.*" (Emphasis added and citations omitted.) *Carter v. Gullett, supra* note 5 at 642 (Opala, J., dissenting).

8. For the pertinent terms of 12 O.S.Supp.1985 § 1757 see *supra* note 4.

9. Leave to transfer may be refused for "undue delay, bad faith[,] ... dilatory motive on the part of the movant, ... [or] undue prejudice to the opposing party by virtue of allowance of the [transfer]...." See e.g. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).