**Jimmie Earl FLEMING, Petitioner,**

v.

**Annelise M. HALL, Respondent.**

No. 56083.

Supreme Court of Oklahoma.

Dec. 15, 1981.

Rehearing Denied Jan. 25, 1982.

Mort G. Welch, Abowitz & Welch, Oklahoma City, for petitioner.

Loyde H. Warren and Mike Millstead, Oklahoma City, for respondent.

LAVENDER, Justice:

On June 18, 1979, plaintiff brought suit against defendant for damages resulting from an automobile accident occurring on July 28, 1978. The original summons was issued on June 18, 1979, to be followed by seven alias summonses, all of which were unsuccessful in getting service on defendant. The two year statute of limitations under 12 O.S.1971, § 95(3rd) expired on July 28, 1980. The eighth alias summons was issued on August 13, 1980, and successfully served on August 22, 1980. On August 22, 1980, the trial court sustained a motion to quash the seventh alias summons which had been issued on July 23, 1980.

The issue is: Where an action is filed prior to the running of the statute of limitations on the cause of action, and any alias summons is issued within sixty days from the date of the filing of the petition and the issuance of the original summons, do the provisions of 12 O.S.1971, §§ 154.4, 154.5 extend the limitations period for sixty days

from the date of the quashing of the alias summons in which to issue a new summons which is successfully served on defendant?

Section 154.4 insofar as is pertinent provides:

"A new summons may be issued at any time before the time to commence an action has expired without leave of court and the issuance and service of another summons will not affect the validity of the service of a prior summons . . . ."

Section 154.5 provides:

"A new summons may be issued and served on the defendant after a court quashes the summons or its service notwithstanding the fact that the time for commencing the action shall have expired if the new summons is served on the defendant within sixty (60) days after the date of the order quashing the prior summons or its service."

Thus, any number of alias summonses may be issued, and if one is properly issued, served, and returned, that summons is the one on the basis of which the court's jurisdiction depends, and a succession of alias summonses does not in effect erase the issuance, service, and return of any prior alias summons.

In *Lake v. Lietch*, Okl., 550 P.2d 935 (1976)[1] this court held that where a summons is issued before the limitations period expired but was quashed by order of the court after the limitations period had expired, a new summons could be issued and served within sixty days from the quashing of the summons under § 154.5, but we also held that the sixty day extension period is only available as to summonses issued within the original limitations period.

In the case at bar, the seventh alias summons was issued prior to the running of the two year statute of limitations. It was quashed by order of the court after the two year limitations had run. The eighth alias summons was issued within sixty days from the date of the quashing of the seventh summons, and was served upon the defendant. The action was not therefore barred by the running of the statute of limitations as extended by 12 O.S.1971, §§ 154.4, 154.5.

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

---

1. Quoted with approval in *Green v. Huff*, Okl., 636 P.2d 907, (1981).