**FOWLER EQUIPMENT COMPANY,**
**Plaintiff/Appellant,**

v.

**HARRY HOUSTON OIL COMPANY, INC., Defendant/Appellee.**

No. 86975.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 12, 1997.

---

John Shipp, John Shipp, Inc., Idabel, for Plaintiff/Appellant.

Mitchell K. Leonard, Idabel, for Defendant/Appellee.

OPINION

BUETTNER, Judge.

¶ 1 The issue to be decided is whether an amendment to the Small Claims Procedure Act raising the cap on damages to $4,500.00, applies to a pending case. Because both the alias petition and the counterclaim were filed after the effective date of the amendment, we hold the amendment is applicable.

¶ 2 In September 1995, Fowler Equipment Company (Fowler) filed an action on a debt in the amount of $4,232.72 in the Small Claims Division of the District Court of McCurtain County. Fowler filed an alias affidavit (petition) November 7, 1995, claiming the same amount of damages. Harry Houston Oil Company (Houston) was served with the alias affidavit November 7, 1995. The hearing date was set for November 21, 1995.

¶ 3 On November 17, 1995, Houston filed a counterclaim in the amount of $4,500.00. Fowler received service of the counterclaim November 20, 1995, the day before the hearing. After hearing the matter, the court denied Fowler's petition and granted Houston's counterclaim in the amount of $2,766.36 plus $350.00 attorney fees. The journal entry of judgment recites that both parties announced ready to proceed on the petition and the counterclaim and that they both waived continuances.

¶ 4 Before the effective date of the amendment, November 1, 1995, 12 O.S.1991 § 1751 provided a $2,500.00 cap for actions brought pursuant to the Small Claims Procedure Act. The amendment raised the cap to $4,500.00. 12 O.S. Supp.1995 § 1751. The 1995 amendment did not substantially affect 12 O.S.1991 § 1758 which states:

No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a set off, he shall file a verified answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action.

¶5 Fowler contends that the trial court erred in hearing and deciding the counterclaim because, although it was filed not later than 72 hours from the date of the hearing, it was not served until the day before the hearing. The question becomes whether the trial court was divested of jurisdiction to hear the counterclaim because of violation of the statutory mandate or whether the defect, late service, is waivable.[1] The time within which to file a counterclaim requires strict compliance. *Carter v. Gullett*, 602 P.2d 640, 641 (Okla.1979). Absent strict compliance by the defendant, a plaintiff may, for instance, move for a continuance or move to dismiss the counterclaim. A plaintiff may also waive the right to strict compliance with the time within which to file and serve a counterclaim and proceed to trial. It is not a jurisdictional requirement. *See Eskridge v. Ladd,* 1991 OK 3, 811 P.2d 587, 590 (court did not lose jurisdiction to determine whether a late-filed counterclaim exceeding the statutory amount should be transferred from the Small Claims Division). Fowler waived his right to complain about the late service of the counterclaim.

■ ¶6 Fowler also asserts that a judgment based on a small claims action which seeks relief in an amount greater than the statute allows cannot stand. When Fowler filed his first affidavit, the amendment raising the cap was not in effect. His claim in the amount of $4,232.72 exceeded the $2,500.00 cap in effect at that time. His alias

affidavit and summons[2], however, was filed after the amendment's effective date and was less than the new cap of $4,500.00. The counterclaim was also filed after the date of the amendment and was within the statutory limit. The judgment was for $2,766.36, an amount within the new cap but exceeding the former cap.

¶7 We find that the alias affidavit and summons and counterclaim, both filed after the amendment's effective date, cured any defect which Fowler may have invited by his first filing. Fowler's intent to benefit by the amendment's higher cap is shown by his filing of the alias petition and prayer for an amount exceeding the limits of the old, but not the new. The general rule is that "any number of alias summonses may be issued, and if one is properly issued, served, and returned, that summons is the one on the basis of which the court's jurisdiction depends, and a succession of alias summonses does not in effect erase the issuance, service, and return of any prior summons." *Fleming v. Hall,* 1981 OK 155, 638 P.2d 1115, 1116.

¶8 A counterclaim may mature or be acquired after the serving of a pleading. *Federal Deposit Insurance Corporation v. Moss,* 1991 OK 116, 831 P.2d 613, 619. For that reason, the counterclaim could properly request damages provided in the amended law without violating rules prohibiting retroactivity of substantive law. The purpose of the broad rule of counterclaims is to dispose of all claims at once. 12 O.S.1991 § 2013(B); *Id.* at 619.

■ ¶9 In this matter, we view the cap on recoverable damages in the small claims division to be a restriction on the court's power to enter judgment in excess of the cap. Regardless of how much a plaintiff or counterclaimant requests in damages, the court is without power to exceed the cap. The nature of the restriction, power to enter judg-

---

1. Houston argues that time of service of the counterclaim is not relevant and that only the filing time of the counterclaim is covered by the 72 hour rule. We do not address the question because of our finding that late service is waivable.

2. In Small Claims procedure, the affidavit (petition) and the summons are served together, on the same form. 12 O.S.1991 § 1753.

ment above the cap, must be viewed at the time the trial court is exercising the power. Because of the amendment, the court had the power to enter judgment in an amount not greater than $4,500.00.

¶ 10 For these reasons, we affirm the trial court's order which entered judgment on Houston's counterclaim.

¶ 11 Houston's request for appeal-related attorney fees is granted and this matter is remanded to the trial court to determine an appropriate attorney fee.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.