MOSES B. SNAVELY v. THE ABBOTT BUGGY COMPANY.

1. CASE-MADE; *Amendment.* A case-made for the supreme court cannot be amended or supplemented in the supreme court by inserting anything therein or attaching anything thereto which did not belong to the "case-made" and constitute a part thereof when it was originally settled and signed by the judge, and attested by the clerk of the court below.

2. ——— *Order, not Reviewable.* An order of the district court overruling a motion to discharge an attachment is not reviewable in the supreme court until a final judgment has been rendered in the case.

*Error from Anderson District Court.*

THE opinion states the case.

*W. A. Johnson,* for plaintiff in error.

*L. K. Kirk,* and *Jno. W. Deford,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought on September 18, 1884, in the district court of Anderson county, by the Abbott Buggy Company, a private corporation under the laws of the state of Illinois, against Moses B. Snavely, to recover $540 on a promissory note. An order of attachment was also issued in the case, and levied upon certain property belonging to the defendant. On January 15, 1885, the court below overruled a motion of the defendant to discharge the attachment, and the defendant, without waiting for a trial upon the merits

of the action, or for a final judgment to be rendered in the action, at once made a case for the supreme court. This case was served upon the opposite counsel on January 26, 1885, and was settled by the court below on February 9, 1885, and was brought to the supreme court on June 8, 1885. The only ground alleged for error is the *overruling* of the defendant's motion to dissolve the attachment. In this court the defendant in error, plaintiff below, made a motion to dismiss the petition in error for the reason that an order of the district court overruling a motion to discharge an attachment is not reviewable in the supreme court until after a final judgment has been rendered in the case. After this motion was made, the plaintiff in error, defendant below, moved the court for leave to file a transcript showing that a final judgment was rendered in the case in the court below on March 10, 1886. This transcript was a transcript of the judgment only, and of nothing else. On December 8, 1886, these motions and the case upon its merits were all submitted to the supreme court.

The first question to be considered in this court is, whether the above-mentioned transcript may be filed as a part of the case in this court, or not. We think not. The case has been brought to this court upon a "case-made" for the supreme court, and such "case-made" cannot be amended or supplemented in this court by inserting anything therein or attaching anything thereto which did not belong to the "case-made" and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk of the court below. (*Transportation Co. v. Palmer*, 19 Kas. 471; *Parker v. Sewing Machine Co.*, 24 id. 31.) Besides, the transcript which the plaintiff in error now desires to file is a transcript of a judgment only, which was rendered nine months after the case was brought to this court. A case can be determined in this court only upon a transcript of the proceedings of the court below, or upon a "case-made" for the supreme court. (Civil Code, §546.) And it cannot be determined partly upon one and partly upon the other. The motion of the plaintiff in error will therefore be overruled.

1. Case-made; amendment.

The next question to be considered in this case is the one arising upon the motion of the defendant in error, plaintiff below, to dismiss the action from this court, upon the ground that this court has no jurisdiction to hear and determine a case where no final judgment has been rendered in the case, and where the only alleged ground for error is the overruling of a motion to discharge an attachment. The principal statutes necessary to be considered upon this question are §§ 542 and 543 of the civil code, which read as follows:

"Sec. 542. The supreme court may reverse, vacate or modify a judgment of the district court for errors appearing on the record; and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: *First,* A final order. *Second,* An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer. *Third,* An order that involves the merits of an action, or some part thereof.

"Sec. 543. An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this article."

It will be seen from the foregoing statutes that the legislature has provided specifically and with great minuteness just what judgments and orders of the district court may be reversed, vacated or modified by the supreme court. These judgments and orders which may be so reversed, vacated or modified are: first, all judgments for errors appearing of record, together with all intermediate orders involving the merits of the action or some portion thereof; second, all final orders; third, various orders respecting continuances, provisional remedies, injunctions, new trials, reports of referees, demurrers, and such other orders as involve the merits of the action or some

part thereof. Under the foregoing statutes an order may be reversed, vacated or modified which *grants* or *refuses* a continuance, *grants* or *refuses* an injunction, *grants* or *refuses* a new trial, *confirms* or *refuses* to confirm the report of a referee, *sustains* or *overrules* a demurrer, or *involves* the merits of an action or some part thereof; and the above-quoted statutes use all the foregoing italicised words, but they do not use any one of them with reference to provisional remedies, except with reference to injunctions, which provisional remedies include arrest and bail, replevin *pendente lite*, attachment, temporary or interlocutory injunctions, receivers, and the depositing of money, etc., under §§ 259 and 260 of the civil code. With reference to all provisional remedies, except injunctions, the statutes use only the words "discharges," "vacates," and "modifies." Hence, as the statutes show, it was clearly not the intention of the legislature that an order of the district court *granting, refusing, confirming* or *sustaining* a provisional remedy, except as to injunctions, should be reviewed in the supreme court prior to the final judgment in the case; nor was it the intention of the legislature that an order "*involving* the merits*" of a provisional remedy, except as to injunctions, should be reviewed by the supreme court prior to such final judgment, unless such order *discharged, vacated* or *modified* the provisional remedy. The legislature had the whole subject of the reviewing of judgments and orders under consideration, and evidently, from the language used, it did not intend that an order *granting, refusing, confirming* or *sustaining* any provisional remedy, except an injunction, should be reëxamined by the supreme court prior to the final judgment. If the legislature had intended that such orders might be reviewed in the supreme court prior to the final judgment, it could easily have said so in plain language; for it did say so in plain language with respect to matters other than provisional remedies, and it said so even with respect to injunctions. In this present case the order sought to be reversed is one *sustaining* and *confirming* an attachment, a provisional remedy; or, in other words, the *overruling* a motion to *discharge* an attachment, and it is an

*interlocutory* order in a provisional remedy, and is not in any sense a *final* order.

It has been suggested that under § 543 of the civil code, such an order may be considered a final order in a special proceeding; but how can an *interlocutory* order in a *provisional remedy* be a *final* order in a *special proceeding?* In the first place, is a *provisional* remedy a *special proceeding?* Mr. Clemens, in his work on Appellate Jurisdiction, says it is not. On page 13 of that work he uses the following language:

"The code divides remedies into *actions* and *special proceedings;* and a special proceeding is defined to be any other mode of asserting a right or seeking the redress or prevention of an injury than by a regular, formal action. It must however be distinguished from a provisional remedy, which is not a *special,* but a merely *collateral* proceeding, permitted only in connection with a regular action, and as one of its incidents. The test, therefore, to be applied under this provision is: Was this order made in an action? If it was, no matter whether concerning the cause of action itself or with reference to a provisional remedy, then it was not made in a special proceeding. Orders made in proceedings for condemnation of lands under the power of eminent domain; in road cases appealed from county boards; final orders made on proceedings for contempt; even when the contempt itself consisted in the disobedience of an injunction; an order disbarring an attorney; an order setting aside levies upon property and directing distribution by a receiver; an order discharging or charging a garnishee; an order made in an action brought to vacate a judgment and for a new trial for fraud and irregularity, have been held to be orders of this class; and these instances sufficiently indicate the meaning given to the term *special proceeding. Final* orders made in such cases are really in the nature of judgments."

But whether a provisional remedy is a special proceeding or not, certainly an *interlocutory* order in a provisional remedy is not and cannot be a *final* order in a special proceeding. If it be claimed that the legislature intended that the *final* order mentioned in § 542 of the civil code, and the *final* order is a special proceeding mentioned in § 543 of the civil code should include orders generally, whether they are in their natures final or only interlocutory, and whether they are involved in the

main action or proceeding or only in some provisional remedy, then it must also be claimed that the legislature was guilty of the inexcusable folly of enacting specifically and expressly that any order of the district court which discharges, vacates or modifies a provisional remedy, (including arrest and bail, replevin *pendente lite*, attachment, temporary or interlocutory injunctions, receivers, and the depositing of money, etc., under §§ 259 and 260 of the civil code,) or which grants or refuses an injunction, shall be reviewable in the supreme court, and then, at the same time and in the same section, enacting impliedly the very same thing over again. Why should the legislature enact the same thing twice in the same section? If the words "a final order" will include all orders, interlocutory as well as final, and orders in all kinds of proceedings, provisional as well as the main or principal proceeding, why again in the same section enact specifically and minutely what these general words will cover? Also, as the legislature mentioned certain specific orders relating to many specific things which might be reviewed in the supreme court, why should it be supposed that the legislature also intended by the use of general language in the same section to include still other orders *not mentioned anywhere* in the statutes? As the legislature used the words "discharges," "vacates," and "modifies," with respect to provisional remedies, why should it be thought that the legislature also intended to use the words "grants," "sustains," and "confirms," with respect to such remedies, when in fact the legislature did not use them at all with respect to such remedies, except injunctions, but expressly used them with respect to other proceedings? *Expressio unius est exclusio alterius.* And as it seems that the legislature intended to cover certain grounds with express and specific provisions, why attempt to make certain general provisions cover the same ground by implication? And why attempt unnaturally and by a forced construction, and against the clear intention of the legislature, to make the word "final" mean "interlocutory"?

The cases of *Watson v. Sullivan*, 5 Ohio St. 42, and *C. S. & C. Rld. Co. v. Sloan*, 31 id. 1, have been referred to; but as the

statutes of Ohio prescribing what matters may be reviewed by the supreme court of Ohio are very different from the statutes of Kansas upon the same subject, those cases can have but little or no application to the present case. The following cases, however, do have application to this case, and under them it 2. Order, not reviewable. must be held that an order of the district court overruling a motion to discharge an attachment is not reviewable in the supreme court, prior to the final judgment in the action: *Hottenstein v. Conrad*, 5 Kas. 249; *K. R. M. Co. v. A. T. & S. F. Rld. Co.*, 31 id. 90. See also in this connection and as having some application to this case, the following cases: *Savage v. Challiss*, 4 Kas. 319; *Brown v. Kimble*, 5 id. 80; *Edenfield v. Barnhart*, 5 id. 226; *Burton v. Boyd*, 7 id. 17; *Dolbee v. Hoover*, 8 id. 124; *McCulloch v. Dodge*, 8 id. 476; *Stebbins v. Laird*, 10 id. 229; *Kennedy v. Beck*, 15 id. 555; *Hockett v. Turner*, 19 id. 527; *A. T. & S. F. Rld. Co. v. Brown*, 26 id. 443.

Again referring to the statutes, and considering the fact that the legislature in passing the statutes used the words *grants, refuses, confirms, sustains, overrules*, and *involves the merits*, with reference to other orders than those relating to attachments, but omitted them with reference to the only class of orders which could possibly have any reference to attachments, we might ask, why should we apply them to attachments? Will it be claimed that when the legislature used these words with reference to certain orders and omitted them with reference to certain other orders, that the statutes should nevertheless be construed in the same manner as though these words had been used with reference to all the orders? Such would be against all proper canons of construction.

We think the order of the district court overruling the defendant's motion to discharge the attachment is not reviewable in this court. Entertaining these views, it follows that the case must be dismissed from this court.

It is understood that precisely the same questions are involved in the cases of *Moses B. Snavely v. George K. Oyler Manufacturing Company*, and *Moses B. Snavely v. Kingman*

*& Co.*, that are involved in this case. And therefore, upon the authority of this case, and for the reasons therein given, those two cases will likewise be dismissed.

All the Justices concurring.