KANSAS CITY HAY PRESS CO. v. WILLIAMS *et al.*

No. 4920. Opinion Filed August 3, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 570.)

1. **REPLEVIN—Judgment—Relief Granted.** While the statutory action of replevin is sufficiently flexible to authorize both legal and equitable rights to be determined in such action, yet the equities to be settled must relate to the property or the rights. arising out of the contract, and not to the rescission of the contract, under which the property is claimed. The action is to try the right of possession of property, and the defendant,. in the absence of an allegation and proof of fraud, cannot by cross-petition, nor can the jury by its verdict, change the action. from tort to equity, and modify or cancel such contract.

2. **SALES—Breach of Warranty—Measure of Damages.** The proper measure of damage for a breach of warranty is the difference between the value of the machinery as it was war- ranted to be and its actual value.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action by the Kansas City Hay Press Company against. Josiah Williams and another. Judgment for defendants,. and plaintiff brings error. Reversed and remanded.

*Bradley & Bradley,* for plaintiff in error.

*D. K. Cunningham,* for defendants in error.

Opinion by RITTENHOUSE, C. On March 18, 1908, the Kansas City Hay Press Company sold, under a conditional sale contract, to Josiah Williams one Lightning Burkett belt hay press and feed carrier for $550, $200 cash in hand and the balance in installment notes, and also one ten-horse power traction Lightning balanced gasoline engine for $1,100, $300 cash in hand and the balance payable in installment notes, all of said notes secured by the conditional sale contract and also a chattel mortgage. In September, 1908, complaint was made to the company relative to the hay press, and a press of a different character was substituted in its place, and new notes then executed for the second hay press in the sum of $310, and the old press taken over by the company and sold to a brother-in-law of Josiah Williams. The defendant, Williams, then had outstanding his notes for the engine and the second hay press, on which nothing has been paid. On March 9, 1911, the defendant still retained possession of said engine and hay press. The plaintiff began this action in replevin on the conditional sale contract and the chattel mortgage. Issues were joined under a general denial and cross-petition, asking for judgment for $2,000 damages predicated upon a breach of warranty, that the defendant have a return of said property, the cancellation of the notes sued on, and other damages. On December 23, 1912, this action came on for trial before a jury, and the jury found for the defendant, Josiah Williams, and assessed the amount of his recovery at $500, together with a return of the notes theretofore executed to said company, and found that the Kansas City Hay Press Company was entitled to the engine and hay press, and that the costs of suit should be paid by the plaintiff. Judgment was rendered upon this verdict. Motion for a new trial was overruled, and the cause brought here for review.

The first assignment of error necessary to consider is that the verdict is contrary to law. An examination of the cross-petition shows that a cancellation of the contract was asked by the defendant on the ground of a breach of warranty. It is apparent from the instructions of the court and verdict of the jury that the trial of this action in replevin resolved itself into a suit to cancel the contract, instead of a suit to determine the right of possession of property. The. undisputed facts are that at the time this conract was made, as modified in September of the same year, the defendants paid $500 in cash and executed certain notes for the balance due on the machinery. The machinery was delivered to the defendant by the company upon such payment. The jury evidently took the view that they would cancel the contract, as asked by the defendant in the cross-petition, and returned a verdict in favor of defendant for the $500, which was the amount advanced at the time of the purchase of the machinery, together with a return of the notes, and found that the plaintiff was entitled to the return of the engine and hay press, and taxed the costs to the plaintiff. It is evident, therefore, that it was the intention of the jury to cancel the contract, as requested by the defendant, and as nearly as possible to place the parties *in statu quo*. This verdict is, therefore, contrary to law. While the statutory action of replevin is sufficiently flexible to authorize both legal and equitable rights to be determined in such action, yet the equities to be settled must relate to the property or the rights arising out of the contract, and not to the rescission of the contract under which the property is claimed. The action is to try the right to the possession of property, and the defendant, in the absence of an allegation and proof of fraud, cannot by cross-petition, nor can the jury by its verdict, change the action

from tort to equity, and modify or cancel such contract. *Penton v. Hansen,* 13 Okla. 450, 73 Pac. 843.

The court instructed the jury that if from the evidence they believed that it was understood and agreed that plaintiff would sell and deliver to the defendant a good serviceable engine and hay baler, as stated in defendant's answer, capable of doing the work as a man of ordinary judgment would want and expect, and that plaintiff sold and delivered machinery to the defendant that was not the kind agreed to be delivered, that the defendant gave plaintiff a reasonable opportunity to make the baler and engine work satisfactorily in accordance with said agreement, but plaintiff failed so to do, and then defendant offered to return the machinery to the plaintiff if plaintiff would give the defendant back his money or the $500 cash which he had paid and all the notes, then and in that event their verdict should be for the defendant It is not sufficient for a recovery by the defendant that he show that the engine and hay baler were not good, serviceable, and capable of doing work as a man of ordinary judgment would want and expect, that he gave plaintiff a reasonable opportunity to make them work satisfactorily, and that upon a failure so to do he tendered the machinery to plaintiff upon the condition that his cash payment of $500 and notes be returned to him. Such an instruction is erroneous. The proper measure of damage for a breach of warranty is the difference between the value of the machinery as it was warranted to be and its actual value. *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35; *Spaulding Mfg. Co. v. Cooksey,* 34 Okla. 790, 127 Pac. 414; *Burgess et al. v. Felix,* 42 Okla. 193, 140 Pac. 1180.

There was evidence of the purchase price of the machine. No other evidence of the actual value of the machin-

ery as warranted was introduced, and under the rule advanced in *Burgess et al. v. Felix, supra,* the purchase price will be regarded as such value; but there is a total failure of evidence as to the actual value of the property. That it has some value, however, cannot be denied, as the defendant used the same from 1908 to 1911, and now asks $300 damages for the wrongful detention of the machinery during the pendency of this action. Before the defendant in this action would be entitled to a recovery, it would be necessary for him to prove the difference between the actual value of the goods and what the value would have been if the goods had been as warranted.

There are numerous other assignments of error, but in the view we take of this case it is not necessary for us to pass upon them.

The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.