## MID-CONTINENT MOTOR CO. v. ART HARRIS TRANSFER CO.

No. 12502—Opinion Filed Jan. 29, 1924.

**1. Replevin—Possession Under Bond as Custodia Legis.**

Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession were with the officer.

**2. Same—Sale to Satisfy Mortgage Before Judgment in Replevin.**

Said property being custodia legis, the proceeds of the sale thereof could not be applied as a credit upon the mortgage debt for the satisfaction of which the same was being replevined in order to be foreclosed under a chattel mortgage, until such replevin action had been finally determined.

**3. Same—Effect of Sale as Conversion.**

The sale of the property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion, and does not bind the defendant. And on the final trial of the cause, the defendant is entitled to prove the reasonable market value of the property at the time of the sale and recover same, should plaintiff fail, and in the event the plaintiff prevails, defendant is entitled to credit for such sum as the reasonable market value of the property is proven to be.

**4. Same—Affirmance of Judgment.**

Record examined, held, to support the judgment of the court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Mid-Continent Motor Securities Company, of Tulsa, against Art Harris Transfer and Storage Company, of Muskogee, in replevin for possession of one automobile truck for purpose of foreclosing chattel mortgage. Judgment for defendant. Plaintiff brings error. Affirmed.

Reeves & Russell, for plaintiff in error.

Bower Broaddus and C. A. Ambrister, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced its action against the defendant in the district court for possession of one automobile truck for the purpose of foreclosing a chattel mortgage then owned

and held by plaintiff. The plaintiff took possession of the truck under a writ of replevin and sold the property before the trial of the cause, under the notice ordinarily given in a foreclosure of personal property. The defendant in its answer charged the plaintiff with the wrongful conversion of the property to its own use, and prayed damages against the plaintiff for such conversion. The defendant proved the manner of the conversion as above set forth, and in the trial of the cause the court instructed the jury that it might find the reasonable value of the truck at the time of the sale by the plaintiff, and if the value was in excess of the indebtedness, then allow an amount equal to the indebtedness as a credit on the damages. The jury found the value of the truck to be in excess of the indebtedness and returned its verdict for the defendant in excess of the indebtedness. The plaintiff has appealed the cause to this court and assigns the action of the trial court in submitting this issue to the jury as error. The case of Salisbury v. First Nat. Bank, No. 12269, recently decided by this court but not yet officially reported, (decided November 6, 1923), disposes of the questions presented in this appeal adversely to the plaintiff in error. There is evidence to support the verdict of the jury in the amount of damages returned for the defendant, and under the rule this court will not reverse a judgment if there is any testimony that reasonably tends to support the verdict of the jury. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

We have examined the record, and find that the issues between the parties were fairly submitted by the court to the jury.

Therefore, we recommend that this cause be affirmed.

By the Court: It is so ordered.