C. Owens PARKER, Petitioner,

v.

The Honorable Lloyd H. HENRY, Judge of the District Court of Pottawatomie County, State of Oklahoma, Respondent.

No. 50436.

Supreme Court of Oklahoma.

Feb. 1, 1977.

Carl D. Hughes, Oklahoma City, for petitioner.

Procter, Fleming & Speck, Oklahoma City, for plaintiff below.

SIMMS, Justice:

Petitioner, defendant below, asks this Court to assume original jurisdiction and prays this Court prohibit respondent Judge from enforcing a November 3, 1976, order directing petitioner to deliver to plaintiff below certain personal property alleged to be wrongfully in possession of petitioner. Prohibition is also sought against further proceedings on a citation for contempt for alleged refusal to obey the November 3rd order.

The unverified petition filed in the trial court, which is submitted to this Court as an exhibit, clearly pleads a cause of action in replevin. In order for a plaintiff to an action to claim the delivery of property at the commencement of the suit, the statutorily required allegations of the petition must be verified by the party, or by his agent or attorney having personal knowledge. 12 O.S.Supp.1976, § 1571(A)(2). We hold that an unverified petition in the na-

ture of replevin does not empower the court to order delivery of property at the time of commencement of the action.

Also, no replevin bond was filed as required by 12 O.S.Supp.1976, § 1573.1. No order of delivery may be issued until the undertaking has been executed. 12 O.S. Supp.1976, § 1571(A)(3).

■ We conclude the order of delivery entered by respondent on November 3rd on an unverified petition and without bond being executed is of no force and effect and respondent is prohibited from enforcement of the specified order.

■ The citation for indirect contempt was issued without an application or accusation being filed therefore. 21 O.S.1971, § 567 provides: "In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation * * *." This language is construed to mean that proceedings to punish for indirect contempt, by law, require a formal charge in writing. *Ex parte Stephenson,* 89 Okl.Cr. 427, 209 P.2d 515 (1949). Without written accusation charging such contempt, the proceedings are a nullity. *Blanton v. State,* 31 Okl.Cr. 419, 239 P. 698 (1925).

We therefore grant prohibition against respondent proceeding against petition for contempt for alleged violation of the order of delivery. Application to assume original jurisdiction granted. Writ of prohibition issue.

All the Justices concur.