BULARD AIR SERVICES v. BROWN AVIATION



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BULARD AIR SERVICES v. BROWN AVIATION

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BULARD AIR SERVICES v. BROWN AVIATION
2019 OK CIV APP 39
Case Number: 116274
Decided: 04/18/2019
Mandate Issued: 07/17/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 39, __ P.3d __

 

BULARD AIR SERVICES, LLC, an Oklahoma Limited Liability Company, and DONALD MCDANIEL, d/b/a MCDANIEL AVIATION, Plaintiffs/Appellees,
v.
BROWN AVIATION, INC., an Oklahoma Corporation, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE LINDA MORRISEY, TRIAL JUDGE

AFFIRMED

Noah Fontanez, DUNLAP, BENNETT & LUDWIG, PLLC, Tulsa, Oklahoma, for Appellant,

Sam P. Daniel, III, SAM P. DANIEL, III, PLLC, Tulsa, Oklahoma, for Appellees.

BRIAN JACK GOREE, CHIEF JUDGE:

¶1 This is an action for replevin of an aircraft engine that was in the possession of a mechanic. The trial court issued its writ for immediate return of the property to the owner. We affirm the court's prejudgment order of delivery.

BACKGROUND

¶2 Bulard Air Services, LLC, owns a Cessna 421, a twin-engine propeller aircraft. When Ron Bulard's pilot discovered the left engine had a crack in its crankcase, they hired Donald McDaniel to remove the engine from the plane so it could be repaired. McDaniel spoke to a mechanic named Larry Brown about the problem and eventually transported the engine and logbook to Brown Aviation, Inc.[1] The scope of the work to be performed by Brown and the terms for payment of his services are disputed. The agreement was not in writing.

¶3 Several months passed and Mr. Bulard contacted Mr. Brown about the status of the repair. Brown requested a deposit of $25,000 but Bulard was unwilling to make a payment without the documentation he believed was reasonable. Brown was unwilling to complete the work without payment, nor would he agree to voluntarily return the engine because he claimed a possessory lien. Plaintiffs filed a petition for breach of contract, replevin and injunctive relief. Brown filed a counterclaim for payment of services for $29,812.00

¶4 The trial court conducted a hearing and ruled in favor of Bulard. Brown was required to relinquish possession of the engine and Bulard was required to obtain a bond for $16,000. The next day, Brown filed a motion to stay execution of the writ. The trial court granted the motion in part by (1) modifying the bond amount to $50,000.00, (2) extending the deadline for Brown to release the engine, and (3) requiring Brown to document the components of the disassembled engine. Brown appealed.

APPELLATE JURISDICTION

¶5 The appealed order addresses the writ of replevin. Brown proposes the order is appealable because it is an interlocutory order appealable by right. He argues it is an order modifying or refusing to vacate or modify a provisional remedy which affects the substantial rights of a party. Bulard counters that replevin is not a provisional remedy.[2]

¶6 "The Supreme Court may reverse, vacate, or modify any of the following orders of the district court, or a judge thereof . . . (2) An order that discharges, vacates or modifies or refuses to vacate or modify a provisional remedy which affects the substantial rights of a party. . ." 12 O.S. §952(b)(2) and 12 O.S. §993(A)(3). For the reasons that follow, we agree with appellant that Bulard was asserting a provisional remedy in this action.

¶7 Identifying provisional remedies is more difficult in modern civil procedure where actions in equity and law are combined.[3] The term "provisional" comes from the former practice of allowing an ancillary suit in equity. Shadid v. Hammond, 2013 OK 103, ¶6, 315 P.3d 1008, 1010 (Edmondson, J., concurring). In the court of law a litigant who was particularly at risk of an inequitable loss was obliged to request the temporary relief provided for in chancery court.[4] Id. The district court now has authority to address all claims arising from a single transaction or set of circumstances, including an alleged need for prejudgment temporary relief.[5]

¶8 Replevin is an action to recover the possession of specific personal property.[6] The statutes allow for an expedited hearing to obtain an order for prejudgment delivery of the property.[7] This evidentiary hearing is preliminary in nature. Sweeten v. Lawson, 2017 OK CIV APP 51, ¶33, 404 P.3d 885, 895. Its purpose is only to determine who should have possession of the claimed property pending the final hearing. Id.

¶9 In Hutchings v. Cobble, 1911 OK 395, ¶2, 120 P. 1013, 1015, the Supreme Court cited Kansas authority which noted that a prejudgment delivery of personal property is a provisional remedy: "'The order for the delivery is ancillary. It is like an order of injunction, which may be the final judgment or provisional remedy'" Hutchings, at ¶6, quoting Batchelor v. Walburn, 23 Kan. 734 (Kan. Sup. Ct. 1880).[8]

¶10 A claimant who seeks possession of property before judgment is requesting temporary relief. The prejudgment order is contingent on security in the form of a bond because the court may re-transfer possession after a merits trial.[9] We hold that prejudgment delivery of specific personal property pursuant to 12 O.S. §1571 et seq. is a provisional remedy within the meaning of 12 O.S. §952(b)(2) and 12 O.S. §993(A)(3).[10]

¶11 Not all orders disposing of provisional remedies are reviewable. Appellate jurisdiction founded upon §952(b)(2) exists only where the order discharges, vacates, modifies or refuses to vacate or modify a provisional remedy which affects the substantial rights of a party. §952(b)(2). We must examine the effect of the appealed order to determine whether it is reviewable.

¶12 In the writ of replevin, Bulard was directed to execute an undertaking of $16,000. A replevin bond was issued in that amount. Three days later, the court entered an order expressly modifying the amount of the bond to $50,000. The appealed order modified a provisional remedy by significantly increasing the replevin bond that secured the prejudgment order of delivery.

¶13 The order also affected the appellant's substantial rights. Brown provided aircraft mechanic services on the engine pursuant to a voluntary agreement, and the property was in his possession. He disassembled it, obtained new or remanufactured component parts, and delivered an invoice to Bulard which has not been paid. The trial court noted that any security interest Brown may have is adequately protected by the bond. We conclude the August 4, 2017 order that modified the replevin bond pursuant to a prejudgment order of delivery is an interlocutory order appealable by right. It modified a provisional remedy that affected the substantial rights of a party.

SUFFICIENCY OF THE PETITION

¶14 Brown argues that the order removing the engine from his possession should be reversed because Plaintiffs' petition failed to include all of the specific allegations set forth in §1571(A)(1) and it lacked the verification required by §1571(A)(2). These propositions require statutory construction which is an issue of law, and we review them de novo without deference to the trial court. Sweeten, ¶16.

¶15 A plaintiff seeking delivery of the property "at the commencement of the suit" must request immediate possession and include verified allegations about the property including its description, ownership, value, and wrongful detention without legal justification.[11] Brown correctly points out that Bulard's petition omitted the allegation of §1571(A)(1)(e), that the property was not taken in execution (or for a similar statutory justification). However, because the order for delivery was based on evidence at a hearing, and not solely on the allegations of the petition, we are not persuaded that failure to meet this technical form of pleading requires reversal.[12]

¶16 Section §1571 sets forth the procedure a plaintiff must follow to recover immediate possession of specific personal property at the time suit is commenced.[13] A verified petition alleging facts showing elements (a) through (f) must be served on the defendant with a summons and a special notice. The notice must direct the defendant to file a written objection within five days. If an objection is not filed in five days, no hearing is necessary and the court clerk shall issue the order of delivery. §1571(A)(3). We observe that in a case where property is immediately removed from a defendant's possession at the commencement of a case, without a hearing, the statute requires a verified petition that includes the specified allegations.[14]

¶17 However, when an objection is filed the court must set the case for a prompt hearing and determine the matter according to the probable merit of the petition. §1571(A)(3). Here, the order of delivery was not made immediately at commencement of the case. Brown objected to the notice and filed an answer with counterclaims. The trial court heard sworn testimony of witnesses and received exhibits offered and admitted into evidence. We hold that an order of delivery properly founded upon evidence at the hearing provided for by §1571 is not invalidated by lack of a verified petition.[15] Furthermore, in replevin cases where the order for delivery does not rest solely on the verified allegations of the petition, the sufficiency of the petition is governed by the Oklahoma Pleading Code.[16]

VALUE OF THE PROPERTY

¶18 Brown proposes the replevin order must be reversed because Bulard never presented competent evidence of the engine's value. The value of the property is relevant where prejudgment delivery is sought because the writ may not issue until a replevin bond is executed for double the value of the property. §1573. The valuation is based on the amount stated in the petition or on evidence given at a hearing. §§1573, 1573.1.[17] At the hearing, Bulard testified he obtained an estimate from a different mechanic for $16,000 after receiving Brown's statement requiring a $25,000 deposit. Bulard learned that the engine was disassembled and there was a possibility it was not repairable. Later, Brown sent Bulard a bill for more than $29,000 for work performed plus storage costs. At the close of Bulard's case-in-chief, Brown's counsel demurred to the evidence and the trial court overruled it. Brown contends the trial court's ruling was reversible error.

¶19 When a trial court considers a demurrer to the evidence it must take as true all evidence (together with all reasonable inferences) favorable to the party against whom relief is sought. A demurrer should be overruled unless there is an entire absence of proof tending to show a right to recover. Jackson v. Jones, 1995 OK 131, ¶4, 907 P.2d 1067, 1071.

¶20 Brown argues there was no evidence of the value of the engine. He urges that Bulard's only testimony was about the cost of repair which is not the same as value of the property. Bulard testified the engine was dismantled and possibly could not be repaired -- Brown informed him, "I don't even know if I can fix your engine because I don't even know if the parts are available." Bulard testified he would be willing to post a bond in the amount of $16,000.

¶21 Accepting Bulard's evidence as true and construing all inferences in his favor, the trial court could have determined the property at issue was a group of disassembled engine components, some broken and possibly irreparable or irreplaceable. The court could reasonably have inferred from Bulard's agreement to post a $16,000 bond that the dismantled and undiagnosed engine had a value of $8,000. The trial court did not commit error when it overruled Brown's demurrer to the evidence.

¶22 At the conclusion of the hearing the trial court pronounced its order granting replevin. The writ issued directing an officer to take the engine with its aircraft log book and delivery it to plaintiffs, and requiring plaintiffs to execute a bond in the amount of $16,000. However, before the time set for delivery, Brown filed a motion to stay to protect his security interest.

¶23 Brown referred to his testimony at the hearing that he has lien rights in the work he performed on the engine while it was in his possession. He argued these rights would be effectively destroyed because his interest was $29,812.00, a sum far greater than the $16,000 bond. In response, the trial court filed an order modifying the bond from $16,000 to $50,000.

¶24 Brown maintains his argument that the bond, even as modified, is not substantiated by evidence and the trial court erred by relying on the petition's allegation that the value is $25,000.[18] We reiterate that there was sufficient testimony concerning the value of the property received in evidence at the hearing to support the order of prejudgment delivery. Considering that the modified bond protected Brown's claimed security interest, we find no error in the court's order.

PRESERVATION OF THE PROPERTY

¶25 When the court modified the bond, it also directed Brown to photographically document the components of the disassembled engine and it extended the time for delivery of the property. Brown asserts Bulard might deliver the engine to a third party to repair it and this would constitute spoliation of evidence. He claims the trial court erred by omitting from its modified order a prohibition against tampering or reassembling the engine.

¶26 Spoliation occurs when evidence relevant to prospective civil litigation is destroyed, adversely affecting the ability of the litigant to prove his or her claim. Barnett v. Simmons, 2008 OK 100, ¶21, 197 P.3d 12. Brown cites no authority showing that a trial court must enter a preemptive order to prevent spoliation. We find no error in the court's order regarding the prospect of spoliation.

¶27 Brown also proposes that the modified order deprived him of property without due process of law guaranteed by the Oklahoma Constitution, Art. 2, §7 and the 14th Amendment of the United States Constitution. His argument is that he was not permitted an opportunity to present evidence on the amount of time it would take him to document the status of the engine, implying that the six days provided by the court was inadequate. We disagree.

¶28 Brown was served with notice of this replevin action approximately one week before the hearing. He testified that the engine is sitting on the shelves of two large carts in his shop. His exhibits included an itemized list of engine parts and the labor he performed. Brown cited authority generally stating the fundamental right to due process of law, but he has not explained why the trial court's order permitting him approximately one week to photograph the engine parts constitutes a deprivation of property without notice and an opportunity to be heard. Actual prejudice is a necessary element of a due process claim which makes the claim ripe for adjudication. Walters v. Oklahoma Ethics Commission, 1987 OK 103, ¶19, 746 P.2d 172, 177. Brown has not met this burden.

CONCLUSION

¶29 An action for statutory replevin allows for prejudgment delivery of the property based upon (1) a verified petition at the commencement of the action, or (2) a finding of probable merit at a preliminary evidentiary hearing. 12 O.S. §1571. A writ of replevin properly founded upon evidence at the hearing provided for by §1571 is not invalidated by lack of a verified petition. Unless the writ issues at the commencement of the action and based solely on the verified allegations of the petition, the sufficiency of the petition is governed by the Oklahoma Pleading Code. Finally, prejudgment delivery of specific personal property pursuant to 12 O.S. §1571 et seq. is a provisional remedy within the meaning of 12 O.S. §952(b)(2) and 12 O.S. §993(A)(3).

¶30 The trial court's Order on Defendant's Emergency Motion to Stay Execution of the Writ of Replevin, filed August 4, 2017, is AFFIRMED.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] Donald McDaniel, d/b/a McDaniel Aviation, is alleged to be the agent for Bulard. Both are plaintiffs in the action and they are referred to in this opinion as "Bulard."

[2] In their response to the petition in error, appellees asserted that other trial issues are still pending and the writ of replevin is not a final appealable order pursuant to 12 O.S. §951, §952, §953, and §994. We ordered appellant to show cause why the appeal should not be dismissed for lack of an appealable order. The parties filed briefs.

[3] The Oklahoma Pleading Code governs the procedure in district courts of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity. 12 O.S. §2001.

[4] "Provisional Remedy" is defined by Black's Law Dictionary, Revised Fourth Edition,1968, as "a remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency. Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending. Such are the remedies by injunction, appointment of a receiver, attachment, or arrest. The term is chiefly used in the codes of practice. Snavely v. Abbot Buggy Co., 36 Kan. 106, 12 P. 522." For further discussion of Snavely v. Abbott see fn. 8.

[5] Both legal and equitable rights may be determined in a statutory action for replevin. Kansas City Hay Press Co. v. Williams, 1915 OK 591, ¶2, 151 P. 570, 571.

[6] Title 12 O.S. §1571 et seq.

[7] A plaintiff in an action to recover the possession of specific personal property may claim the delivery of the property at the commencement of the suit. 12 O.S. §1571(A). The court may compel the delivery of the property before or after judgment. §1583. A hearing may be conducted to determine whether an order for prejudgment delivery of the property should issue according to the probable merit of the plaintiff's petition. §1571(A)(3). The order shall not be issued without an undertaking and bond. §§1573-1574.

[8] In 1887, the Supreme Court of Kansas, citing the progenitor of 12 O.S. §952, included replevin pendente lite (pending the suit) in its recitation of provisional remedies that could result in an interlocutory order. Snavely v. Abbott Buggy Co., 36 Kan. 106, 12 P. 522 (1887).

[9] Property held by a party under bond in a replevin action is conditioned on its redelivery in the event he should not prevail in the action. Mid-Continent Motor Company v. Art Harris Transfer Company, 1924 OK 107, ¶0, 223 P. 130 (syllabus by the court).

[10] Replevin is not, categorically, a provisional remedy. In many cases the determination of possession is made only after a trial on the merits. See Hopkins v. West, 2009 OK CIV APP 104, ¶13, 229 P.3d 560, 564. A final order of possession in a replevin case is not a provisional remedy. The provisional remedy is the court's prejudgment (interlocutory) determination of possession based on (1) a verified petition at the commencement of the action, or (2) a finding of probable merit at a preliminary evidentiary hearing. See 12 O.S. §1571.

[11] Title 12 O.S. §1571 provides:

A. The plaintiff in an action to recover the possession of specific personal property may claim the delivery of the property at the commencement of suit, as provided herein.

1. The petition must allege facts which show:

a. a description of the property claimed,

b. that the plaintiff is the owner of the property or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property,

c. that the property is wrongfully detained by the defendant,

d. the actual value of the property, provided that when several articles are claimed, the value of each shall be stated as nearly as practicable,

e. that the property was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued under this chapter, or any other mesne or final process issued against said plaintiff; or, if taken in execution or on any order or judgment against the plaintiff, that it is exempt by law from being so taken, and

f. the prayer for relief requests that the court issue an order for the immediate delivery of the property.

2. The above allegations are verified by the party or, when the facts are within the personal knowledge of his agent or attorney and this is shown in the verification, by said agent or attorney.

3. A notice shall be issued by the clerk and served on the defendant with the summons which shall notify the defendant that an order of delivery of the property described in the petition is sought and that the defendant may object to the issuance of such an order by a written objection which is filed with the clerk and delivered or mailed to the plaintiff's attorney within five (5) days of the service of the summons. In the event that no written objection is filed within the five-day period, no hearing is necessary and the court clerk shall issue the order of delivery. Should a written objection be filed within the five-day period specified, the court shall, at the request of either party, set the matter for prompt hearing. At such hearing the court shall proceed to determine whether the order for prejudgment delivery of the property should issue according to the probable merit of plaintiff's petition. Provided, however, that no order of delivery may be issued until an undertaking has been executed pursuant to Section 1573 of this title.

Nothing contained in this act shall prohibit a party from waiving his right to a hearing or from voluntarily delivering the goods to the party seeking them before the commencement of the proceedings or at any time after institution thereof.

B. Where the notice that is required by subsection A of this section cannot be served on the defendant but the judge finds that a reasonable effort to serve him was made and at the hearing the plaintiff has shown the probable truth of the allegations in his petition, the court may issue an order for the prejudgment delivery of the property. If an order for the delivery of the property is issued without actual notice being given the defendant, the defendant may move to have said order dissolved and, if he does not have possession of the property, for a return of the property. Notice of said motion with the date of the hearing shall be served upon the attorney for the plaintiff in the action. The motion shall be heard promptly, and in any case within five (5) days after the date that it is filed. The court must grant the motion unless, at the hearing on defendant's motion, the plaintiff proves the probable truth of the allegations contained in his petition. If said notice is filed before the sheriff turns the property over to the plaintiff, the sheriff shall retain control of the property pending the hearing on the motion.

C. The court may, on request of the plaintiff, order the defendant not to conceal, damage or destroy the property or a part thereof and not to remove the property or a part thereof from the state or county, pending the hearing on plaintiff's request for an order for the prejudgment delivery of the property, and said order may be served with the summons.

D. No action to recover the possession of specific personal property pursuant to this section may be brought against any city, county or state agency or an employee of a city, county, or state agency, if the claim alleges matters arising from incarceration, probation, parole or community supervision.

[12] The list of allegations in §1571 appears to be a relic of common law replevin where an affidavit was required in addition to the petition. See Hutchings v. Cobble, 1911 OK 395, 120 P. 1013. When replevin first became a statutory remedy the affidavit was relevant only where the plaintiff sought to recover possession of specific personal property at the commencement of the suit, or at any time before an answer was filed. Hutchins, 1911 OK 395, ¶5, 120 P. 1013, 1015. The pleading standards for a petition for replevin were examined independently from the requirements of the affidavit. It has always been sufficient for a plaintiff to allege facts describing the property in controversy, showing that he is the owner or has a special interest in it, that he is entitled to its immediate possession, and the defendant wrongfully detains it from him. Sweeten, ¶¶26-31, citing Hivick v. Okla.-Colo. Oil & Gas Co., 1923 OK 49, ¶0, 212 P. 420. In this case the petition alleges Bulard is the owner of the aircraft engine, it was delivered to Brown's shop for repair, Brown refused to return it upon demand, its value is $25,000.00, and Bulard is entitled to possession.

[13] A civil action is commenced by filing a petition with the court. 12 O.S. §2003.

[14] Unless specifically required by rule or statute, pleadings need not be verified or accompanied by an affidavit. Heirshberg v. Slater, 1992 OK 84, ¶9, 833 P.2d 269, 274. Generally, a pleading that lacks a verification is not a jurisdictional defect. State ex rel. Dep't of Pub. Safety v. 1985 GMC Pickup, Serial No. 1GTBS14EOF2525894, OK Tag No. ZPE852, 1995 OK 75, ¶19, 898 P.2d 1280, 1284. In a case decided before Oklahoma adopted notice pleading, it was held that a verified petition was required for a valid order for delivery made at the commencement of an action. Parker v. Henry, 1977 OK 13, ¶2, 559 P.2d 1249, 1250. Nothing in Parker suggests there was a hearing or even an appearance by the defendant before the writ of replevin issued.

[15] Though it was rendered unnecessary by the sworn testimony at the hearing, the plaintiffs' lawyer filed a Verification of Petition as a separate document after the action was commenced. It states: "Sam P. Daniel III, of lawful age, duly sworn on his oath, deposes and states: That he is the attorney for the Plaintiffs above named; that he has read the foregoing and the allegations contained in the Petition; and believes the testimony and evidence at trial will prove the facts and matters therein set forth are true and correct."

[16] In 1984 Oklahoma adopted the Oklahoma Pleading Code and became a notice pleading state. All that is required under notice pleading is that the petition give fair notice of the plaintiff's claim and the grounds upon which it rests. Title 12 O.S. §2008 merely requires that the pleading shall contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief." . . . For most claims, the pleader need not utilize terms of art or legal phraseology. Gens v. Casady School, 2008 OK 5, ¶ 9, 177 P.3d 565, 569. Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required. 12 O.S. §2008(E)(1).

[17] Title 12 O.S. §1573 provides:

The order shall not be issued until there has been executed by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property as stated in the petition to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, including attorney's fees and, if the property be delivered to him, that he will return the same to the defendant if a return be adjudged; provided, that where the State of Oklahoma is party plaintiff, an undertaking in replevin shall not be required of the plaintiff, but a writ shall issue upon petition duly filed as provided by law. The undertaking shall be filed with the clerk of the court.

Title 12 O.S. §1573.1 provides:

On application of either party which is made at the time of executing the replevin bond or the redelivery bond, or at a later date, with notice to the adverse party, the court may hold a hearing to determine the value of the property which the plaintiff seeks to replevy. If the value as determined by the court is different from that stated in the petition, the value as determined by the court shall control for purpose of Sections 1573 and 1577 of this title.

[18] Brown proposes the trial court erroneously took judicial notice of the valuation made in an unverified petition. Because we conclude the trial court did not abuse its discretion in setting the amount of the replevin bond, we need not consider the boundaries of judicial notice.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2009 OK CIV APP 104, 229 P.3d 560, HOPKINS v. WEST
Discussed
 2017 OK CIV APP 51, 404 P.3d 885, SWEETEN v. LAWSON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 103, 746 P.2d 172, 58 OBJ 3054, Walters v. Oklahoma Ethics Com'n
Discussed
 1992 OK 84, 833 P.2d 269, 63 OBJ 1824, Heirshberg v. Slater
Discussed
 1915 OK 591, 151 P. 570, 51 Okla. 6, KANSAS CITY HAY PRESS CO. v. WILLIAMS
Discussed
 1923 OK 49, 212 P. 420, 89 Okla. 181, HIVICK v. OKLAHOMA-COLORADO OIL & GAS CO.
Discussed
 1924 OK 107, 223 P. 130, 97 Okla. 139, MID-CONTINENT MOTOR CO. v. ART HARRIS TRANSFER CO.
Discussed
 1995 OK 75, 898 P.2d 1280, 66 OBJ 2327, State ex rel. Dept. of Public Safety v. 1985 GMC Pickup
Discussed
 1995 OK 131, 907 P.2d 1067, 66 OBJ 3765, Jackson v. Jones
Discussed
 2008 OK 5, 177 P.3d 565, GENS v. CASADY SCHOOL
Discussed
 2008 OK 100, 197 P.3d 12, BARNETT v. SIMMONS
Discussed
 2013 OK 103, 315 P.3d 1008, SHADID v. HAMMOND
Discussed
 1977 OK 13, 559 P.2d 1249, PARKER v. HENRY
Discussed
 1911 OK 395, 120 P. 1013, 30 Okla. 158, HUTCHINGS v. COBBLE.
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 952, Jurisdiction of Supreme Court
Discussed at Length
 12 O.S. 993, Appeals from Certain Interlocutory Orders - Undertaking
Discussed at Length
 12 O.S. 1571, Order of Delivery - Procedure
Discussed at Length
 12 O.S. 1573, Undertaking in Replevin
Cited
 12 O.S. 1573.1, Replevin Bond - Value
Cited
 12 O.S. 2001, Scope of the Oklahoma Pleading Code
Cited
 12 O.S. 2003, Commencement of Action
Cited
 12 O.S. 2008, General Rules of Pleading
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA