SHROPSHIRE v. PARSONS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SHROPSHIRE v. PARSONS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SHROPSHIRE v. PARSONS
2021 OK CIV APP 13
489 P.3d 536
Case Number: 118660
Decided: 03/18/2021
Mandate Issued: 04/14/2021
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2021 OK CIV APP 13, 489 P.3d 536

 

TREY B. SHROPSHIRE, Plaintiff/Appellant,
v.
WILLIAM D. PARSONS, III, ANNA PARSONS and ENERGY ROPERTY MANAGEMENT, LLC, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE TRENT R. PIPES, TRIAL JUDGE

AFFIRMED

Jason C. Bollinger, RESOLUTION LEGAL GROUP, Oklahoma City, Oklahoma, for Plaintiff/Appellant

Richard R. Rice, Orion A. Strand, RICE LAW FIRM, Midwest City, Oklahoma, for Appellees

STACIE L. HIXON, PRESIDING JUDGE:

¶1 Trey B. Shopshire (Tenant) appeals judgment entered in favor of Defendants William D. Parsons, III, Anna Parsons, and Energy Property Management, LLC d/b/a Re/Max Energy Property Management ("Defendants", or collectively, "Landlord")[1] on their counterclaim for damages in a small claims action. Tenant contends Landlord's Counterclaim or Setoff was not verified in conformance with 12 O.S.2011, § 1758, and that the trial court erred by allowing Landlord to proceed on that claim. We find no error and affirm the trial court's Judgment entered January 16, 2020.

BACKGROUND

¶2 Tenant filed a Small Claims Affidavit on December 17, 2019, alleging Landlord converted his personal property, breached the parties' lease agreement, and requested judgment against Landlord in the amount of $3,405.00. Hearing was set for January 16, 2020.

¶3 On January 10, 2020, Landlord filed a "Counterclaim or Setoff" alleging Tenant was indebted to Landlord in the amount of $2,519.52 for back rent and damages in excess of Tenant's security deposit. The Counterclaim or Setoff states that it was "duly sworn" by Landlord's counsel, and is signed, but not notarized.

¶4 The parties appeared for hearing on January 16, 2020. Tenant objected to Landlord's Counterclaim or Setoff because it was not verified. The trial court overruled Tenant's objection, and proceeded to trial. Following introduction of evidence and sworn testimony from the parties and a representative of Re/Max Energy Property Management, the trial court awarded nothing to Tenant, and judgment to Landlord in the amount of $3,080.00, with interest, $300.00 in attorney fees and $20.00 in costs.

¶5 Tenant appeals.

STANDARD OF REVIEW

¶6 The issue presented on appeal is the trial court's construction of 12 O.S.2011, § 1758. Statutory construction is a question of law which is reviewed de novo. Fanning v. Brown, 2004 OK 7, ¶ 8, 85 P.3d 841.

ANALYSIS

¶7 Tenant contends the trial court erred by allowing Landlord to proceed on a Counterclaim and Setoff not verified as required by 12 O.S.2011, § 1758.[2] Section 1758 sets forth the requirements of a "Counterclaim or Setoff by Verified Answer":

No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a setoff, he shall file a verified answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action.

¶8 The statute further prescribes a particular form for the Counterclaim or Setoff by Verified Answer, which states in substance:

__________, being first duly sworn, deposes and says: That said plaintiff is indebted to said defendant in the sum of $ ________ for _______, which amount defendant prays may be allowed as a claim against the plaintiff herein.

________________________________________________

Subscribed and sworn to before me this _____ day of _____, 19__.

______________________________________
Notary Public (or Clerk or Judge)

12 O.S.2011, § 1758.

¶9 Landlord's Counterclaim and Setoff, properly captioned, stated:

COMES NOW Orion A. Strand, counsel for Defendants William D. Parsons, III, Anna Parsons, and Energy Property Management, LLC, being first duly sworn, deposes and says:

That said Plaintiff is indebted to said Defendants in the sum of $2,519.52 for back rents and damages in excess of Plaintiff's security deposit, which amount Defendants pray may be allowed as a claim against Plaintiff herein.

¶10 Counsel's signature was not verified by notary, clerk or judge. Tenant contends this deficiency was fatal, and deprived him of adequate notice of the substance of Landlord's counterclaim in advance of trial.

¶11 First, Tenant has presented no authority which required the trial court to dismiss or otherwise disallow Landlord's counterclaim for lack of a verification. The Oklahoma Supreme Court has considered that the 72-hour notice and filing requirement of section 1758 is mandatory, in conjunction with considering whether an untimely counterclaim can be transferred to district court under 12 O.S.2011, §§ 1757 or 1759. See e.g. Carter v. Gullett, 1979 OK 146, ¶ 7, 602 P.2d 640; Eskridge v. Ladd, 1991 OK 3, ¶ 7, 811 P.2d 587. Carter relied on the reasoning of Hughes v. Dunsmoor, 1979 OK CIV APP 22, 594 P.2d 1231, which held that a determination that a counterclaim might be filed at a later time defeats the purpose of section 1758, which states when the counterclaim "shall" be filed. Id. at ¶ 8. These cases do not address verification. Tenant extrapolates their holdings establish that the verification requirement is also mandatory under the plain language of section 1758.

¶12 "Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel. Oklahoma State Dep't of Health v. Robertson, 2006 OK 99, ¶ 6, 152 P.3d 875. "However, where a strict, literal interpretation of the statute would lead to inconsistent or incongruent results between the enactment's different parts, judicial interpretation becomes necessary to reconcile the discord." Id. "In the interpretation of statutes, we do not limit our consideration to a single word or phrase. Instead, we construe together the various provisions of relevant enactments, in light of their underlying general purpose and objective, to ascertain legislative intent." Id.

¶13 Section 1758 provides that, if a defendant wishes to state a counterclaim, he "shall file a verified answer . . ." delivered in accordance with the statute's prescribed time limit. While "shall" signals a mandatory requirement, it appears to modify the requirement that a verified answer be filed, in order to assert a counterclaim. This interpretation carries out the intent that a counterclaim be presented through timely filing, so as not to delay trial, as well as the goal of swift access to inexpensive and speedy justice, "uncomplicated by the formal demands of superior courts." See Patterson v. Beall, 2000 OK 92, ¶ 8, 19 P.3d 839. It is also consistent with Oklahoma courts' general recognition that the want of a verification, when required, is not jurisdictional. See e.g. Matter of Delaney, 1980 OK 140, ¶ 4, 617 P.2d 886; State ex rel. Dep't of Pub. Safety v. 1985 GMC Pickup, Serial No. 1GTBS14EOF2525894, OK Tag No. ZPE852, 1995 OK 75, ¶ 19, 898 P.2d 1280.

¶14 If the lack of verification did not deprive the trial court of jurisdiction, we consider whether the trial court was nevertheless required to strike the counterclaim for failure to comply with the statute in this case. On this point, Bulard Air Services, LLC v. Brown Aviation, Inc., 2019 OK CIV APP 39, 446 P.3d 1263, is persuasive. In that case, defendant appealed an order recovering property in a replevin action. Title12 O.S.2011, § 1571 allowed a plaintiff to claim delivery of the property at the commencement of suit, through verified petition. Defendant argued the trial court erred because, among other things, plaintiff's petition was not verified. However, the property was not removed at the commencement of the case, or based solely on the petition. The trial court took sworn testimony and exhibits before ruling. Under these facts, the appellate court found the order for removal of property was "properly founded on evidence" and not invalidated by lack of verified petition. Id. at ¶ 17.

¶15 As suggested by Bulard, the purpose of a verification is to ensure that relief rendered thereon is based upon evidence or sworn testimony. Here, though the counterclaim and set-off were not verified, the trial court heard sworn testimony of all three Defendants and took evidence. Any defect in lack of verification was remedied at that time.

¶16 Meanwhile, the lack of verification did not equate to lack of notice. Apart from the verification, the Counterclaim and Set-off followed the prescribed form, and apprised Tenant of the claims against him for back rent and damages in advance of trial.[3] Tenant's argument that he did not have sufficient notice of the issues on which he would be required to present evidence is unpersuasive. The Court finds the trial court did not err in awarding judgment to Landlord on its counterclaim.

CONCLUSION

¶17 For the reasons set forth above, the Court affirms the trial court's January 16, 2020 Journal Entry of Judgment in favor of Landlord on its counterclaim.

¶18 AFFIRMED.

FISCHER, V.C.J., and RAPP, J., concur.

FOOTNOTES

[1] The trial court's Amended Narrative Statement in Lieu of Transcript reflects that judgment on the counterclaims at issue was awarded to all three Defendants William D. Parsons, III, Anna Parsons and Energy Property Management, LLC, d/b/a Re/Max Energy Property Management. The form Journal Entry of Judgment completed by the parties refers to "Defendant" singular, which we take to be a scrivner's error.

[2] Tenant asserts as a separate proposition that the trial court erred by threatening to dismiss his claim, if he did not move on from his arguments on the deficiency of Landlord's pleading. We need not consider this issue. The trial court did not dismiss Tenant's claim and we consider Tenant's objection to the form of Landlord's pleading sufficiently preserved for review.

[3] The record also reflects that Tenant was supplied an itemized statement of damages and past-due rent in November 2019, two months before trial.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1979 OK CIV APP 22, 594 P.2d 1231, HUGHES v. DUNSMOOR
Discussed
 2019 OK CIV APP 39, 446 P.3d 1263, BULARD AIR SERVICES v. BROWN AVIATION
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 3, 811 P.2d 587, 62 OBJ 296, Eskridge v. Ladd
Discussed
 1995 OK 75, 898 P.2d 1280, 66 OBJ 2327, State ex rel. Dept. of Public Safety v. 1985 GMC Pickup
Discussed
 2000 OK 92, 19 P.3d 839, 71 OBJ 3016, PATTERSON v. BEALL
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2006 OK 99, 152 P.3d 875, STATE ex rel. OKLA. STATE DEPT. OF HEALTH v. ROBERTSON
Discussed
 1979 OK 146, 602 P.2d 640, CARTER v. GULLETT
Discussed
 1980 OK 140, 617 P.2d 886, Delaney, Matter of
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1757, Transfer of Actions from Small Claims Docket to Another Docket
Cited
 12 O.S. 1758, Counterclaim or Setoff by Verified Answer
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA